Paris KINCADE, et al.

v.

GENERAL TIRE AND RUBBER COMPANY.

Jobie EDWARDS and Willie F. Mims

v.

GENERAL TIRE AND RUBBER COMPANY, et al.

Civ. A. Nos. W–75–CA–21, W–75–CA–55.

United States District Court,
W. D. Texas,
Waco Division.

June 8, 1982.

John W. Walker, Little Rock, Ark., E. Brice Cunningham, Dallas, Tex., for plaintiffs.

Peter Tierney, Marvin Sloman, Dallas, Tex., Harley M. Kastner, Akron, Ohio, David B. Kultgen, Vance Dunnam, Waco, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

NOWLIN, District Judge.

Before the Court in this cause is Plaintiffs' Motion for Assessment of Interest on Judgment. After carefully considering the grounds for said motion, as well as Defendants' response thereto, and after having heard oral argument of counsel on the motion on January 11, 1982, the Court is of the opinion that the motion is not meritorious and should be denied. A full understanding of the Court's reasons for denial of the motion requires a brief statement of the history of this lawsuit.

In February of 1975, Plaintiffs filed this class action suit alleging that Defendant General Tire and Rubber Company (General Tire) had engaged in plantwide racial discrimination in employment at its Waco, Texas, plant. Following a period of discovery, a settlement of the lawsuit was negotiated over a period of several months. On October 25, 1977, a proposed settlement agreement was filed by the parties with the court. Among other things, the settlement agreement provided for a settlement fund of $90,000,[1] which was to be distributed according to a formula among the class members. The settlement agreement of October 25, 1977 contained several provisions concerning the settlement fund and its disbursement, termination of the settlement agreement upon contingencies set out in the agreement, return of the settlement fund to General Tire upon termination of the settlement agreement, and the effective date of the settlement agreement.[2]

1. The settlement fund consisted of $90,000, of which $30,000 represented an agreed upon reasonable fee for the attorney for Plaintiffs. The amount of the settlement fund available for distribution to class members was thus $60,-000.

2. The pertinent portions of the settlement agreement are as follows:

17. *Settlement Fund.* General Tire will pay to the United States District Clerk for the Western District of Texas (the "Clerk") for the benefit of the plaintiff class concurrently with the entry by the Court of the Final Judgment as defined in paragraph 20 hereof,

the amount of $90,000 (herein the "Settlement Fund")....

\* \* \* \* \* \*

20. *Final Judgment Deemed "Final".* Such Final Judgment shall be deemed and considered "final" for purposes of this settlement agreement upon the expiration of time for all appeals therefrom or (in the event an appeal is taken) the affirmance thereof on appeal (or the dismissal of the appeal for any reason) and the expiration of time for any further appellate procedures.

21. *Disbursement of Settlement Fund.* When the Final Judgment becomes "final",

On February 8, 1978, United States District Judge Jack Roberts ordered the parties to file briefs in support of the proposed settlement agreement and ordered the Plaintiffs to file a schedule setting forth the distribution of the settlement fund among the class. The distribution schedule was subsequently filed. On March 16, 1978, Judge Roberts certified the case as a class action under Fed.R.Civ.P. 23(b)(2), defined the class, designated the named Plaintiffs as class representatives, and appointed counsel for the class. On March 17, 1978, Judge Roberts signed an order tentatively approving the settlement agreement and providing notice of the terms of the settle-ment agreement and an opportunity to object thereto to the members of the class.

Subsequently, several members of the class objected to the terms of the proposed settlement. On May 31, 1978, Judge Roberts held a hearing at which several of the class members formally objected to the settlement. On July 5, 1978, Judge Roberts made findings of fact and conclusions of law, in which he addressed many of the objections to the proposed settlement, and found the settlement agreement to be fair, adequate, reasonable and not the product of collusion. Judge Roberts' order accordingly approved the settlement agreement.[3]

as defined above, the attorneys for the plaintiffs will request the Court to enter an order:

A. Authorizing and directing the Clerk to distribute the Settlement Fund, except as otherwise provided herein, (together with any interest earned thereon), to the members of the plaintiff class as directed by the Court; and

B. Authorizing and directing the Clerk to pay from the Settlement Fund to Walker, Kaplan & Mays, P. A. the amount of attorneys' fees awarded to them by the Court.

22. *Automatic Release.* Effective as of the time the Final Judgment becomes "final" (as defined above), each of the parties shall be automatically released from any and all claims asserted herein by any other party or which could have been asserted herein by any party and which relate to the facts, transactions, and occurrences which are the subject matter of the Action.

23. *Termination of Settlement Agreement.* In the event that either (i) the Court declines to approve the settlement agreement and enter the Final Judgment, or (ii) the Final Judgment does not become "final" (as defined above), then this settlement agreement shall immediately terminate, become null and void, and have no further force and effect and shall be without prejudice to the rights of any and all parties, and neither this settlement agreement nor any negotiation or proceeding relating hereto shall be used or referred to in any subsequent proceeding in this Action or any other action or proceeding.

24. *Return of Settlement Fund to General Tire.* Upon termination of the settlement agreement pursuant to paragraph 24 (sic) above, the parties will jointly request the Court to enter an order authorizing and directing the Clerk to pay to General Tire the Settlement Fund and all interest (if any) earned thereon.

25. *Effective Date.* This settlement agreement shall become effective as of the date the Final Judgment becomes "final" (as defined above) and, unless otherwise specifically provided, all obligations and rights of the parties hereto will vest and operate as of that date.

3. The pertinent portions of Judge Roberts' order approving the settlement agreement are as follows:

\* \* \* \* \* \*

1. The Settlement Agreement herein dated October 24, 1977, filed with the Court on October 25, 1977, and tentatively approved by the Court by Order entered on March 17, 1978, shall hereby become effective.

2. Forthwith following the entry of this Order, The General Tire and Rubber Company, pursuant to paragraph 17 of the Settlement Agreement, shall deposit with the United States District Clerk for the Western District of Texas, Waco Division, the Settlement Fund established in paragraph 17 of the Settlement Agreement.

3. The formula for dispursing the settlement fund (after payment of attorneys' fees awarded by the Court) proposed by the attorneys for the Plaintiffs in their "Application for Order Determining Payments to be Made to Class" on file herein, is hereby approved and the attorneys for Plaintiffs are directed to file with the Court for approval forthwith following entry of this order a complete final list of the names of the class members who are to receive payments from the Settlement Fund along with the amount of payment to be made to each such class member.

4. When this order shall become "final" as provided in paragraph 20 of the Settlement Agreement, the clerk is instructed forthwith to distribute the settlement funds provided in said agreement as follows:

(i) to John Walker, ESQ, attorneys' fees in the amount provided in this Court's separate order concerning same.

(ii) The balance of the settlement fund as ordered by the Court.

Certain class members, unsatisfied with the terms of the settlement agreement approved by the district court, appealed the court's approval of the settlement agreement. On January 30, 1981, the Court of Appeals affirmed the district court's approval of the settlement agreement. *Kincade v. General Tire & Rubber Co.*, 635 F.2d 501 (5th Cir. 1981). On May 5, 1981, very shortly after the time for filing a petition for certiorari in the Supreme Court had expired, General Tire deposited the settlement fund through the District Clerk into the registry of the court. The settlement fund was subsequently distributed to the class members and to counsel for Plaintiffs.

On July 24, 1981, Plaintiffs filed the instant Motion for Assessment of Interest on Judgment along with a memorandum in support of their motion. The motion requests this Court to order General Tire to pay to the Plaintiffs a sum of money representing the amount of interest at the current prevailing rate that the $90,000 settlement fund would have earned for the period from July 7, 1978, the date of the entry of the district court's order approving the settlement agreement, until May 5, 1981, the date General Tire deposited the $90,000 settlement fund with the district court.

The primary asserted basis of the Plaintiff's request for interest on the settlement fund for the period in which the case was on appeal is a simple one: because General Tire should have deposited, but did not deposit, the settlement fund immediately upon entry of the court's order approving the settlement agreement, Plaintiffs are entitled to an award of a sum of money representing the amount of interest the settlement fund would have earned had it properly been deposited in the registry of the court (and placed in an interest-bearing account). The underlying premise of this argument, that General Tire had a duty to

deposit the settlement fund immediately upon entry of the court's order approving the settlement agreement, rests in turn upon two arguments: (1) that the terms of the settlement agreement called for deposit of the settlement fund immediately following approval of the settlement agreement by the court; and (2) that even if the terms of the settlement agreement did not require deposit of the funds immediately following approval of the settlement agreement, the court's order did so by providing specifically that the settlement fund was to be deposited *"[f]orthwith* following the entry of this Order . . . ."

Plaintiffs also contend that they are entitled to postjudgment interest under 28 U.S.C. § 1961, which provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." For the reasons set out below, the Court is convinced that Plaintiffs' arguments are not meritorious.

*The Settlement Agreement*

Plaintiffs' contention that the terms of the settlement agreement called for deposit of the settlement fund immediately upon entry of the court's order does not bear up under scrutiny. Paragraph 17 of the settlement agreement clearly states that General Tire was to deposit the settlement fund upon entry of the "Final Judgment as defined in paragraph 20" of the settlement agreement. Paragraph 20, in turn, provides the definition of the "final judgment." Under paragraph 20, the judgment was to be considered "final" for purposes of the settlement agreement when the time for all appeals of the judgment had run. Taken together, paragraphs 17 and 20 of the settlement agreement quite clearly require deposit of the settlement fund only upon expiration of the time for appealing the court's order.

The General Tire and Rubber Company is hereby acquitted of all obligations with respect to the Settlement Fund as provided in paragraph 19C of the Settlement Agreement.

\* \* \* \* \* \*

6. Each party and class member is hereby discharged from any and all liability under or

with respect to each and every claim embraced within the scope of the pleadings in the action or which relate to the facts, transactions, and occurrences which are the subject matter of the action.

\* \* \* \* \* \*

Moreover, paragraph 25 of the settlement agreement makes clear that the entire settlement agreement was only to become effective when the court's order became final within the meaning of paragraph 20 of the settlement agreement, that is, when all opportunities for appeal had expired. Thus, paragraph 25 of the settlement agreement, which deals with the effective date of the settlement agreement as a whole, and paragraph 17, which speaks to deposit of the settlement fund specifically, lend very strong support to Defendant's contention that it had no duty under the settlement agreement to deposit the settlement fund until the court's order became final by expiration of the time for any appeals from the court's order.

Plaintiffs attempt to evade the explicit language of paragraphs 17 and 25 of the settlement agreement by arguing that paragraphs 23 and 24, taken together, implicitly create an obligation on the part of General Tire to deposit the settlement fund before the agreement became final as defined by paragraph 20 of the settlement agreement. Plaintiffs reason that if the parties had not contemplated that the settlement fund would be deposited pending appeal, there would have been no reason for including the provision for the return of the settlement fund to General Tire upon termination of the settlement agreement pursuant to the contingencies set out in paragraph 23. Though Plaintiffs' argument appears at first blush to be reasonable, the Court must agree with General Tire that it is flawed for two reasons.

First, paragraphs 23 and 24 contain no language explicitly creating an obligation on the part of General Tire to deposit the settlement fund before the agreement became final. Such an obligation, at best, would be an implicit one, and that obligation simply cannot fairly be implied from paragraphs 17, 20 and 25 of the settlement agreement. Second, paragraphs 23 and 24 of the settlement agreement certainly need not be read in the manner contended for by the Plaintiffs. Rather, paragraphs 23 and 24 can fairly be said to contemplate, as General Tire argues, "nothing more than a prudent provision for refund if money had been deposited and then the settlement agreement failed for any reason, including disapproval by the district court in the first instance or reversal on appeal of an order approving the agreement." In sum, it is the Court's view that paragraphs 23 and 24 of the settlement agreement do not override the much more specific provisions of the settlement agreement stating that neither the settlement agreement itself nor the duty to deposit the settlement fund arose until the court's order became final upon expiration of all opportunities for appeal.

*The Court's Order*

Plaintiffs' second argument in support of its contention that General Tire had a duty to deposit the settlement fund immediately upon entry of the court's order approving the settlement agreement is derived from the terms of Judge Roberts' order approving the settlement agreement. Plaintiffs contend that paragraph 2 of the court's order, which ordered General Tire to deposit the settlement fund "[f]orthwith following the entry of this Order," obliged General Tire to deposit the settlement fund immediately upon entry of the court's order even if the settlement agreement did not provide for immediate deposit of the settlement fund. This Court rejects Plaintiffs' argument for two reasons.

First, this Court has searched in vain through the entire record in this case for any indication that Judge Roberts had any intention, in using the language cited by Plaintiffs, to alter in any way the terms of the settlement agreement with respect to deposit of the settlement fund. There is simply not one shred of evidence in the record to support the notion that Judge Roberts intended the "forthwith" language in his order to abrogate the explicit terms of the settlement agreement requiring deposit of the settlement fund only upon expiration of all opportunity for appeal. Rather, everything in the record is consistent with the view that Judge Roberts intended to approve and did in fact approve the entire settlement agreement.

Second, even accepting, for purposes of argument, Plaintiffs' theory that the "forthwith" language in Judge Roberts' order was intended to override the express terms of the settlement agreement with respect to deposit of the settlement fund, Plaintiffs' argument must fail because under established law Judge Roberts lacked the authority to alter a term of the settlement agreement without formally disapproving that portion of the settlement agreement and requiring the parties to litigate the issue.

■■■ Fed.R.Civ.P. 23(e) requires court approval of compromise settlements of class actions. It is settled law that in discharging its duty under Rule 23(e), the task of the district court is to determine whether the settlement is fair, adequate and reasonable. *Parker v. Anderson,* 667 F.2d 1204, 1209 (5th Cir. 1982); *Pettway v. American Cast Iron Pipe Co.,* 576 F.2d 1157 (5th Cir. 1978), *cert. denied,* 439 U.S. 1115, 99 S.Ct. 1020, 59 L.Ed.2d 74 (1979); *Cotton v. Hinton,* 559 F.2d 1326 (5th Cir. 1977). It is also well settled, as the Fifth Circuit has recently noted, that

> [i]n determining the adequacy and reasonableness of the proposed settlement, the court does not adjudicate the dispute, for as we noted in *Young v. Katz,* 447 F.2d 431, 433 (5th Cir. 1971): "[i]n examining a proposed compromise . . . the court does not try the case. The very purpose of the compromise is to avoid the delay and expense of such a trial."

*Parker,* 667 F.2d at 1209. After considering the appropriate factors in light of the circumstances of the case, the court must make a decision whether or not to approve the settlement. "Approval must then be given or withheld." *Cotton,* 559 F.2d at 1331. It follows that the district court may not unilaterally alter an element of the settlement agreement without disapproving that element of the agreement and requiring the parties to litigate the point.

■■ Applying these principles to the facts of the case, it is clear that Judge Roberts had no power, while purporting to approve the settlement agreement, to alter an element of the settlement agreement. Of course, as was previously noted above, it is this Court's view that Judge Roberts intended to approve the entire settlement agreement and did not intend to alter any of its terms. However, even if Judge Roberts did intend to alter the settlement agreement, he had no authority under the above-cited principle to do so without disapproving the settlement agreement at least in part. Since nothing in the record indicates that Judge Roberts disapproved any portion of the settlement agreement, it follows that the "forthwith" language in Judge Roberts' order cannot be interpreted so as to contradict the express terms of the settlement agreement. Thus, no support for Plaintiffs' contention that General Tire was obligated to deposit the settlement fund immediately upon entry of the court's order approving the settlement agreement can be found in either the settlement agreement or the court's order.

### 28 U.S.C. § 1961

Plaintiffs' final contention is that they are entitled to an award of postjudgment interest pursuant to 28 U.S.C. § 1961, which provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." Plaintiffs contend that Judge Roberts' order approving the settlement agreement is a money judgment recovered in district court and thus qualifies for a mandatory interest award. The Court rejects this argument. While Plaintiffs cite several cases in which the courts have awarded postjudgment interest, they have failed to cite a single case in which § 1961 has been applied to a court order or judgment which merely approves a settlement agreement arrived at by the parties to a lawsuit. Having searched the appropriate casebooks and treatises, and having conducted its own computer-aided search, this Court has been unable to uncover even one case in which § 1961 has been applied to a court order or judgment based upon a settlement agreement. On the other hand, no case has explicitly held that § 1961 does not apply to court-approved

settlement agreements. Thus, this issue appears to be one of first impression.

■ The fact that Plaintiffs have taken a novel approach in citing § 1961, however, offers them no aid in light of the words of § 1961, for that statute extends only to "money judgments" that are "recovered" in a district court. Although court-approved settlement agreements may often involve the payment of money, court-approved settlement agreements, though reduced to judgment in some cases,[4] represent not the court's own judgment or that of a jury, but rather the parties' compromise of the lawsuit put in writing. Nor can an amount of money paid according to the terms of a court-approved settlement agreement reasonably be considered to have been "recovered" in a district court, since no adjudication of the suit culminating in recovery occurs in a settlement situation. In sum, it is this Court's view that § 1961 is intended to allow postjudgment interest on money awarded by a judge or jury after litigation. Thus, the Court holds that § 1961 was not intended to apply and will not be interpreted to extend to court-approved settlement agreements.

■ This is not to say that interest should not be an element to be taken into consideration by the parties in arriving at a just compromise of a lawsuit. The fact that a party will be entitled to postjudgment interest if it prevails before a judge or jury in a lawsuit means that interest should often be an issue covered in settlement negotiations. In addition, a district court, in considering whether a settlement agreement tendered by the parties is fair and reasonable may and should consider the issue of postjudgment interest. Under this Court's view of § 1961, the element of postjudgment interest, like all other issues bearing upon the likelihood and extent of even-

tual recovery, is simply one factor that should be considered in settlement negotiations and provided for in arriving at the terms of a settlement agreement.

Applying this Court's interpretation of § 1961 to the facts of this case, Plaintiffs are not entitled to award of postjudgment interest since the court-approved settlement agreement, though it involved the payment of money, did not constitute an order or judgment based upon an award of money by a court or jury after litigation of the lawsuit.

For the reasons noted above, the Court holds that no support for an award of interest on the settlement fund in this case can be found in the settlement agreement, the court's order, or 28 U.S.C. § 1961. The Court notes in closing that even if this Court had the authority to award interest on the settlement fund to Plaintiffs on some equitable basis, aside from the arguments raised by Plaintiffs, it would decline to do so. Plaintiffs have failed to point out to this Court any action that they took while this case was on appeal which would lead this Court to believe that they interpreted either the settlement agreement or the court's order approving the settlement agreement to require immediate deposit of the settlement fund in the court's registry, or that they ever informed General Tire that its failure immediately to deposit the settlement fund violated the settlement agreement or the court's order.

For the above stated reasons, it is ORDERED that Plaintiffs' Motion for Assessment of Interest on Judgment is DENIED.

---

4. Because this Court holds that § 1961 has no application to a case culminating in a settlement agreement, even though the settlement agreement is reduced to a judgment, there is no need to address General Tire's contention that § 1961 is inapplicable because no judgment was ever entered in this case. The Court notes, however, that the record reveals that Judge Roberts simply entered an order approving the settlement agreement rather than reducing the settlement agreement to a document styled as a judgment. In fact, the record reveals that subsequent to the entry of his order approving the settlement agreement, Judge Roberts entered an order striking a judgment which had been entered by the Clerk, based upon his order approving the settlement agreement for the stated reason that the Clerk's judgment was unnecessary and misleading.