**PARSONS & WHITTEMORE ALABAMA MACHINERY AND SERVICES CORPORATION and Parsons & Whittemore, Inc., Plaintiffs-Appellees,**

v.

**YEARGIN CONSTRUCTION COMPANY, INC., Defendant-Appellant.**

**YEARGIN CONSTRUCTION COMPANY, INC., Plaintiff-Appellant,**

v.

**PARSONS & WHITTEMORE ALABAMA MACHINERY AND SERVICES CORPORATION and Parsons & Whittemore, Inc., Defendants-Appellees.**

No. 83–7478.

United States Court of Appeals, Eleventh Circuit.

Oct. 26, 1984.

M. Roland Nachman, Jr., Montgomery, Ala., for defendant-appellant.

Reggie Copeland, James E. Clark, Birmingham, Ala., for plaintiffs-appellees.

Before FAY, KRAVITCH and HATCHETT, Circuit Judges.

## PER CURIAM:

In the appeal in this diversity case, Yeargin Construction Company challenges a district court's calculation of interest accruing on an arbitration award. We disagree with the district court's calculation of the interest and therefore reverse.

## I. BACKGROUND

On November 29, 1979, an arbitration panel awarded appellant Yeargin Construction Company $5,300,000 to be paid by appellee Parsons & Whittemore. The panel stated that interest would accrue on the award at six percent until the award was paid. Parsons & Whittemore petitioned a district court to vacate the award, and Yeargin petitioned another court to confirm. The actions were consolidated, and on August 27, 1980, the district court entered judgment against Parsons & Whittemore and in favor of Yeargin.[1] A panel of this court affirmed the judgment. *Parsons & Whittemore Alabama Machinery and Services Corp. v. Yeargin Construction Co.*, 683 F.2d 1374 (11th Cir.1982). On March 4, 1983, Parsons & Whittemore's surety paid Yeargin $6,000,000 on this judgment, and Parsons & Whittemore made another payment to Yeargin of $341,617.49 on April 6, 1983. Yeargin subsequently moved the district court to enter judgment in its favor in an additional amount, claiming (1) that the amount of the district court judgment enforcing the award was $5,544,813.44, an amount that included six percent interest on the $5,300,000 from the date of the arbitration award to the date of the district court judgment, and (2) that this amount bore interest at a rate of six percent from August 27, 1980, to November 13, 1981, and at a rate of twelve percent thereafter, because of a change in Alabama law.[2]

---

1. The district court granted Yeargin's motion to confirm the award which requested the court to "enter a judgment upon said award in the amount of $5,300,000 with interest thereon at

the rate of six (6%) percent per annum from November 20, 1979...."

2. The Alabama legislature amended the statute on November 13, 1981. The effective date of

The district court ruled that the twelve percent interest rate would not apply, but, as ordered by the arbitration panel, that the award would bear interest at six percent from the date of the arbitration ruling. The court reasoned that Yeargin did not appeal the court's previous order that interest would accrue at the six percent rate specified in the award, and the judgment of a court confirming an arbitration award is not the type of judgment for which interest rates are statutorily regulated.[3]

## II. DISCUSSION

■■■ Appellant's argument that enforcement of an arbitration award is not a judgment for which interest rates are statutorily regulated ignores the requirements of 9 U.S.C. § 13. This statute provides that a judgment entered by a federal court confirming, modifying, or correcting an arbitration award "shall have the same force and effect, in all respects, as, and be subject to all provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." Although a district court enforcing an arbitration award does not engage in a de novo review of the award, see Boise Cascade v. United Steelworkers of America, 588 F.2d 127, 128 (5th Cir.), cert. denied, 444 U.S. 830, 100 S.Ct. 57, 62 L.Ed.2d 38 (1979), and it may reverse or modify the award only on specified grounds, 9 U.S.C. §§ 10–11, once the court enters its judgment, it has the same effect as any other judgment recovered following a civil trial. We therefore conclude that a district court judgment affirming an arbitration award is governed by statutory post-judgment interest rates. See also Merit Insurance Co. v. Leatherby Insurance Co., 728 F.2d 943, 945 (7th Cir. 1984) (applying post-judgment interest rate permitted by Illinois law to arbitration award).[4]

■■■ The question remains whether the district court properly calculated the amount of interest on the judgment. In a diversity case, state law governs the award of post-judgment interest. Degelos Brothers Grain Corporation v. Fireman's Fund Insurance Company, 498 F.2d 1238, 1239 (5th Cir.1974).[5] Alabama Code Section 8–8–10 provides that judgments for the payment of money bear interest from the date of entry. When the district court enforced the arbitrators' award, the maximum rate of post-judgment interest permitted in Alabama was six percent. Ala.Code § 8–8–1 (1975). Subsequently, the Alabama legislature amended Section 8–8–10 to read: "Judgments for the payment of money ... shall bear interest at the rate of 12 percent per annum, the provisions of Section 8–8–1 to the contrary notwithstanding...." Ala.Code § 8–8–10 (1983 supp.). The effective date of this amendment was May 4, 1982. In its brief appellant claimed

---

the amendment, however, was May 4, 1982. See Ala.Code § 8–8–10 (1983 Supp.).

3. In its order, the district court made the following calculations:

| | |
|---|---|
| Arbitration Award 11/20/79 | $5,300,000.00 |
| Interest to 3/4/83 at 6% | $1,044,608.22 |
| | $6,344,608.22 |
| Payment 3/4/83 | $6,000,000.00 |
| | $ 344,608.22 |
| Interest 3/5/83 to 4/6/83 | 1,869.38 |
| | $ 346,477.60 |
| Payment 4/6/83 | $ 341,617.49 |
| Balance of Principal | $ 4,860.11 |
| Interest 4/6/83 to 8/4/83 | 95.87 |
| Current balance including interest to date | $ 4,955.98 |

4. Parsons and Whittemore cites Kincade v. General Tire and Rubber Co., 540 F.Supp. 115 (W.D. Texas 1982), reversed on other grounds, 716 F.2d 319 (1983), in which the district court, notwithstanding 28 U.S.C. § 1961, refused to award post-judgment interest on a settlement agreement. Id. at 120. We need not attempt to distinguish between a court's role in enforcing an arbitration award and approving a settlement agreement, because of the dictates of 9 U.S.C. § 13.

5. 28 U.S.C. § 1961, as amended in 1982, permits an award of interest on a judgment recovered in federal court to be calculated at an interest rate equal to the treasury bill rate. Prior to that amendment, 28 U.S.C. § 1961 provided that post-judgment interest would accrue at the rate allowed by state law. Appellant does not contend that 28 U.S.C. § 1961, as amended, is applicable to this judgment.

that the post-judgment rate of interest should increase to twelve percent from the date of the amendment. Before oral argument, however, the Supreme Court of Alabama held that the higher interest rate permitted by Section 8–8–10 would apply only to judgments entered after the effective date of the amendment. *Jones v. Casey*, 445 So.2d 873, 875 (Ala.1983). Yeargin conceded at oral argument that it was not entitled to interest at the increased rate from the date of the amendment.[6]

One issue remains unresolved, Yeargin's claim that the district court should have added post-award, pre-judgment interest to the arbitrator's award and calculated post-judgment interest on that sum. Alabama permits post-judgment interest to accrue on pre-judgment interest. In *Old Southern Life Insurance Company v. Moore*, 204 So.2d 828 (Ala.Ct.App.1967), the court awarded pre-judgment interest on a claim for insurance benefits accruing from the date of the claim until the date of judgment. In calculating post-judgment interest, the court included this amount in the judgment. 204 So.2d at 834. We find the court's opinion persuasive. In the case before us, when the district court enforced the judgment, interest in the amount of $244,816.44 had already accrued on the $5,300,000 award. Thus, the court's judgment was for $5,544,816.44. We hold that the six percent post-judgment interest rate should accrue on this amount. Therefore, the district court erred in holding that the six percent interest should only be calculated from the date of the arbitration award. The judgment is REVERSED and REMANDED for proceedings consistent with this opinion.

6. Because of the ruling in *Jones v. Casey*, 445 So.2d 873 (Ala.1983), we need not consider appellee's argument that the 12 percent interest rate is inapplicable because Yeargin failed to appeal the district court's confirmation of the award with interest accruing at 6 percent.