**JUDD CONSTRUCTION COMPANY, Petitioner,**

v.

**EVANS JOINT VENTURE, Respondent.**

No. 80SC239.

Supreme Court of Colorado, En Banc.

March 29, 1982.

Weller, Friedrich, Hickisch & Hazlitt, Mary A. Wells, Denver, for petitioner.

Cogswell & Wehrle, William E. Brayshaw, William C. Wildberger, Denver, for respondent.

ROVIRA, Justice.

We granted certiorari to review the Colorado Court of Appeals decision that the trial court erred in entering a final judgment on an arbitrator's award prior to the determination of the issues raised by cross claims. *Judd Constr. Co. v. Evans Joint Venture*, Colo.App., 619 P.2d 775 (1980). We reverse.

## I.

Judd Construction Company (Judd) contracted with Evans Joint Venture (Evans), the owner, to act as a general contractor on a construction project. Ace Tile Company (Ace), a subcontractor, filed suit against Judd and Evans, claiming that it had not been paid for work done on the project (Civil Action 80448). Both Judd and Evans answered Ace's complaint and, in addition, Evans asserted counter-claims against Ace and cross claims against Judd. Judd moved to dismiss the cross claims of Evans based upon an arbitration agreement entered into between them, and this motion was taken under advisement by the trial court.[1]

Subsequently, Judd and Evans entered into an arbitration proceeding and, as a result, Judd received an award of $14,-236.62. The Award of Arbitrator also provided that Judd would hold Evans harmless from all claims arising out of the litigation initiated by Ace. Judd does not dispute the hold harmless provision of the award.

Judd filed the Award of Arbitrator with the clerk of the district court pursuant to section 13–22–213, C.R.S. 1973 (1981 Supp.) and C.R.C.P. 109(e), and judgment was entered on the award (Civil Action 83154). Thereafter, Evans moved to vacate the judgment and to consolidate Civil Action 83154 with the still pending litigation initiated by Ace. These motions were granted.

In the consolidated action, Judd sought and obtained a confirmation of the Award of Arbitrator, and judgment was again entered on the award on June 21, 1979.[2] Evans argued that the entry of final judgment should be delayed until all claims in the Ace litigation were resolved and that the Award

---

1. The contract between Judd and Evans includes the 1976 Edition of General Conditions of the Contract for Construction, American Institute of Architects. Section 7.9.1 provides in pertinent part that:

"All claims, disputes and other matters in question between the Contractor and the Owner arising out of, or relating to, the Contract Documents or the breach thereof ... shall be decided by arbitration.... The foregoing agreement to arbitrate ... shall be specifically enforceable under the prevailing

arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof."

2. In its brief submitted to this court, Evans concedes that the arbitration award should "be given the force of law and reduced to judgment in accordance with the procedures set forth in the Uniform Arbitration Act, C.R.S. 1973, § 13–22–216."

of Arbitrator should be corrected to clarify the "hold harmless" provision. The trial court rejected Evans' position, and Evans filed its Notice of Appeal. Subsequent to the filing of the appeal, the parties and Ace stipulated to the dismissal with prejudice of the claims of Ace against Judd and Evans. This stipulation did not affect the cross claims filed by Evans against Judd.

The court of appeals reversed, holding that once the proceeding for confirmation and entry of judgment on the arbitrator's award (Civil Action No. 83154) was consolidated with the Ace litigation (Civil Action No. 80448), all claims, including cross claims of Evans against Judd, had to be resolved before entry of a final judgment and the Uniform Arbitration Act of 1975 (Arbitration Act), sections 13–22–201 to –223, C.R.S. 1973 (1981 Supp.), did not provide otherwise. The court of appeals reasoned that, absent an appropriate C.R.C.P. 54(b) order, a final judgment could not be entered when fewer than all claims have been resolved; and since resolution of the cross claims could result in an offset against the arbitrator's award, permitting execution on the judgment would encourage multiplicity of litigation in derogation of the purpose of the rules.

## II.

The issue to be resolved in this case is whether, in view of the provisions of the Arbitration Act, a judgment may be entered confirming an Award of Arbitrator when other claims remain to be resolved in a consolidated action.

Judd argues that the Arbitration Act requires entry of judgment on the Award of Arbitrator unless proper grounds for modification, correction, or vacation of award are presented; the existence of the cross claim of Evans against Judd and the consolidation of the cases does not change or limit the mandate of the Arbitration Act; and C.R.C.P. 54(b) is not relevant because the Arbitration Act authorizes a summary procedure to effectuate the public policy in favor of arbitration. We agree.

Arbitration provides an efficient, convenient alternative to litigation, and it has long been the policy of this state to foster and encourage the use of arbitration as a method of dispute resolution. *See Sandefer v. District Court*, Colo., 635 P.2d 547 (1981); *Columbine Valley Constr. Co. v. Board of Directors*, Colo., 626 P.2d 686 (1981); *Ezell v. Rocky Mountain Bean & Elevator Co.*, 76 Colo. 409, 232 P. 680 (1925). *See also Colo. Const.* Art. XVIII, Sec. 3 ("It shall be the duty of the general assembly to pass such laws as may be necessary and proper to decide differences by arbitrators ....").

The Arbitration Act was adopted in order to establish a statutorily based scheme of arbitration. The stated purpose of the Act is to "validate voluntary written arbitration agreements, make the arbitration process effective, provide necessary safeguards, and provide an efficient procedure when judicial assistance is necessary." Section 13–22–202, C.R.S. 1973 (1981 Supp.).

Under the Arbitration Act, provision is made for judicial confirmation of an arbitrator's award. The Arbitration Act further establishes the grounds upon which a court may vacate, modify, or correct an arbitration award. Finally, provision is made for the entry of judgment upon an award and the appeal therefrom.

■ A review of these provisions discloses that the role of a court in considering an arbitrator's award is strictly limited. This is in conformity with the purpose of the Arbitration Act and the significance of an arbitration award. The procedure of the Arbitration Act is designed to achieve enforcement without delay, or undue expense. Further, under both the Act and the common law, an arbitration award is tantamount to a judgment and is entitled to be given such status by a court sitting in review. *See Columbine Valley Constr. Co. v. Board of Directors, supra.*

Section 213 provides that upon "application of a party, the court shall confirm an award, unless within the time limits imposed in this [Act] grounds are urged for vacating or modifying or correcting the award...." Grounds for vacating, modi-

fying or correcting an arbitration award are set out in sections 214 and 215 of the Arbitration Act. An award may be vacated where:

"(I) The award was procured by corruption, fraud, or other undue means;

(II) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

(III) The arbitrators exceeded their powers;

(IV) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 13–22–207, as to prejudice substantially the rights of a party; or

(V) There was no arbitration agreement and the issue was not adversely determined in proceedings under section 13–22–204 and the party did not participate in the arbitration hearing without raising the objection."

Section 13–22–214, C.R.S. 1973 (1981 Supp.). An award is subject to correction or modification where:

"(a) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing, or property referred to in the award;

(b) The arbitrators awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

(c) The award is imperfect in a matter of form, not affecting the merits of the controversy."

Section 13–22–215, C.R.S. 1973 (1981 Supp.). Finally, section 216 of the Arbitration Act provides that upon the "granting of an order confirming, modifying, or correcting an award, judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree."

■ Thus, the issues before a court in a confirmation proceeding are limited to a consideration of whether grounds exist to vacate, modify, or correct the award under the provisions of the Arbitration Act. In the absence of such grounds, the language of the Arbitration Act is mandatory: "the court *shall* confirm" the award. Section 13–22–213, C.R.S. 1973 (1981 Supp.) (emphasis added). Moreover, once an award is confirmed, modified or corrected, the Arbitration Act mandates that judgment shall be entered and enforced. Section 13–22–216, C.R.S. 1973 (1981 Supp.).

Here, Evans no longer contests the validity of the arbitration award. It concedes that the award should be reduced to judgment under the provisions of the Arbitration Act, but argues that the trial court erred in entering a final judgment on the arbitration award prior to resolving all claims presented in the consolidated case.

The trial court consolidated the confirmation proceeding with the litigation brought by Ace against both Judd and Evans. Rule 42(a) of the Colorado Rules of Civil Procedure provides that

"When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

■ The decision to order consolidation is within the sound discretion of the trial judge. *Prudential Property & Casualty Ins. Co. of America v. District Court*, Colo., 617 P.2d 556 (1980). The parties did not challenge the consolidation order. Therefore, we expressly do not decide whether that order was proper. However, we do note that in this case there is a substantial question as to whether the two actions could be consolidated under Rule 42(a).

■ An arbitration award is tantamount to a judgment, and the arbitrator is the final judge of both fact and law. *International Serv. Ins. Co. v. Ross*, 169 Colo. 451, 457 P.2d 917 (1969); *Sisters of Mercy v. Mead & Mount Constr. Co*, 165 Colo. 447,

439 P.2d 733 (1968). Furthermore, the issues before the court in a confirmation proceeding are limited by the Arbitration Act. Accordingly, the existence of "a common question of law or fact" is questionable. C.R.C.P. 42(a).

In addition, the Arbitration Act provides procedural rules which apply in an award confirmation proceeding. Rule 81 of the Colorado Rules of Civil Procedure provides that the "rules do not govern procedure . . . in any special statutory proceeding insofar as they are inconsistent or in conflict with the procedure . . . provided by the applicable statute." Thus, it is questionable whether the court had the authority to deviate from the mandatory directives of the Arbitration Act by applying Rule 42(a) and ordering consolidation.

Given the doubts expressed concerning the trial court's exercise of its discretion in ordering a consolidation of these actions, we conclude that the court properly decided to enter judgment pursuant to the mandate of the Arbitration Act before the resolution of issues in the consolidated Ace litigation.

We note that there is authority for the proposition that consolidated actions should be treated as a single action for the purposes of entering an appealable final judgment and that certification under C.R.C.P. 54(b) is a prerequisite to the appeal of any judgment in a consolidated case which leaves claims and issues yet to be decided. *See State ex rel. Pac. Intermountain Express, Inc. v. District Court*, 387 P.2d 550 (Wyo.1963); 9 *C. Wright & A. Miller, Federal Practice and Procedure* § 2386 at 276 (1971). Nonetheless, the distinct nature of these actions was such that the cases retained their separate identity, and a final judgment could be entered on the arbitration award without regard to the requirements of Rule 54(b). *See Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 53 S.Ct. 721, 77 L.Ed. 1331 (1933); *In re Mass. Helicopter Airlines, Inc.*, 469 F.2d 439 (1st Cir. 1972); *Jones v. Den Norske Amerikalinje A/S*, 451 F.2d 985 (3d Cir. 1971); 9 *C. Wright & A. Miller, Federal Practice and Procedure* § 2382 at 254–55 (1971).

The judgment of the court of appeals is reversed.