In the Matter of the
Arbitration Between

William H. PYLE, Petitioner,

v.

SECURITIES U.S.A., INC., David Williams, Joel Brody, Scott Carothers, Deborah Hootman, and E.B. Williamson & Co., Inc., Respondents,

National Association of Securities Dealers, Inc., Arbitration Case No. 89–01641.

Civ. A. No. 90–B–1674.

United States District Court, D. Colorado.

March 8, 1991.

William R. Fishman, Denver, Colo., for petitioner.

James Halpin, Chesteen & Halpin, Littleton, Colo., for Brody & Hootman.

J. Patrick Madigan III, Aurora, Colo., for Williams.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Petitioner William H. Pyle (Pyle) seeks to confirm an arbitration award made in his favor against respondents Securities U.S.A., Inc., David Williams (Williams), Joel Brody (Brody), and E.B. Williamson & Co., Inc. Only Williams and Brody seek to vacate the award. Respondents Deborah Hootman and Scott Carothers were dismissed from the arbitration proceeding and no damages were assessed against them. For the reasons set forth below, I confirm the award.

### I.

Pyle brought an arbitration proceeding before the National Association of Securities Dealers, Inc. (NASD) in which he alleged that Williams and Brody improperly recommended that he purchase unsuitable securities. He sought damages for violations of section 12(2) of the Securities Act of 1933, section 10(b) of the Securities Exchange Act of 1934, sections 11–51–125(2) and (3) or the Colorado Securities Act of 1981, as well as Colorado common law fraud and misrepresentation. The arbitration proceeded under NASD's Code of Arbitration Procedure. After a hearing, the arbitrators awarded Pyle compensatory damages, punitive damages, and attorney fees. Pyle now seeks to confirm the award under section 9 of the Federal Arbitration Act (FAA), 9 U.S.C. § 9. Williams and Brody move to vacate the award.

### II.

### A.

Under 9 U.S.C. § 10(d) Williams and Brody seek to vacate that portion of the arbitration award which granted punitive damages. Section 10(d) provides that an award may be vacated where the arbitrators "ex-ceeded their powers." Williams and Brody argue that Colo.Rev.Stat. § 13–21–102(5) barred the arbitrators from awarding punitive damages and, thus, the arbitrators exceeded their powers. Section 13–21–102(5) provides that "unless otherwise provided by law, exemplary damages shall not be awarded in administrative or arbitration proceedings, even if the award or decision is enforced or approved in an action commenced in a court." I conclude that this section did not bar the arbitrators from awarding punitive damages.

■ Federal arbitration law governs arbitration agreements that are within the FAA's coverage. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.* 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983); *Foster v. Turley*, 808 F.2d 38, 40 (10th Cir.1986). There is no dispute that the FAA applies to this case. I hold that absent an agreement by the parties that state arbitration law should govern, state arbitration law restricting an arbitrator's power to award punitive damages does not apply to an action under the FAA. *Raytheon Co. v. Automated Business Systems, Inc.*, 882 F.2d 6, 11 n. 5 (1st Cir.1989); *Bonar v. Dean Witter Reynolds, Inc.*, 835 F.2d 1378, 1386–87 (11th Cir.1988). *Compare Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University*, 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989) (state arbitration law applies if parties agreed that it should apply). Because there has been no showing that the parties agreed that Colorado arbitration law should govern in this FAA action, Colo.Rev.Stat. § 13–21–102(5) does not apply.

■ Williams and Brody rely on *New England Energy Inc. v. Keystone Shipping Co.*, 855 F.2d 1 (1st Cir.1988), *cert. denied*, 489 U.S. 1077, 109 S.Ct. 1527, 103 L.Ed.2d 832 (1989), which held that a district court could order consolidation of two arbitrations under a state law specifically providing for consolidation. Reliance on this case is misplaced. The court's holding was based on its view that "state law may supplement th[e FAA] on matters collateral

to the agreement to arbitrate." *Id.* at 4 n. 2. Even assuming this to be true, I conclude that whether an arbitrator may award punitive damages is a matter central, not collateral, to the agreement to arbitrate. Moreover, as the First Circuit itself held in a later case, federal, not state law, applies in determining whether an arbitrator may award punitive damages. *Raytheon,* 882 F.2d at 11–12 n. 5.

Relying on three labor arbitration cases, Williams and Brody argue that absent an express provision in the arbitration contract, arbitrators lack the power to award punitive damages (citing *International Ass'n of Heat & Frost Insulators & Asbestos Workers, Local Union 34 v. General Pipe Covering, Inc.,* 792 F.2d 96, 100 (8th Cir.1986); *Howard P. Foley Co. v. International Brotherhood of Electric Workers, Local 639,* 789 F.2d 1421, 1424 (9th Cir.1986); *Baltimore Regional Joint Board v. Webster Clothes, Inc.,* 596 F.2d 95, 98 (4th Cir.1979)). I disagree.

■ "[T]he concerns which may warrant such a rule in the labor arbitration field are not present in the commercial arbitration context." *Raytheon,* 882 F.2d at 10. In the commercial arbitration context, punitive damages may be awarded although the arbitration agreement contains no express mention of such relief. *Id.* at 10–12 (citing cases); *Bonar,* 835 F.2d at 1386–87.

Lastly, Williams and Brody argue that punitive damages are outside the scope of the arbitration agreement. Again I disagree.

■ By incorporating into their arbitration agreement the NASD Code of Arbitration Procedure, the parties agreed to arbitrate "any dispute, claim or controversy arising out of or in connection with the business of any member of the Association." NASD Code § 1. I conclude that "any dispute, claim or controversy" includes a claim for punitive damages. As the *Raytheon* court stated in determining that a similar contractual provision allowed punitive damages to be awarded, "[s]ince courts are empowered to award punitive damages with respect to certain types of claims [alleged here], the ... arbitrators

would be equally empowered." *Raytheon,* 882 F.2d at 10.

### B.

Williams and Brody also seek to vacate the award of attorney fees. The arbitrators were authorized to make this award. *See* Colo.Rev.Stat. § 11–51–125(2).

### C.

■ Williams and Brody next argue that the arbitrators committed error by refusing to postpone the hearing. 9 U.S.C. § 10(c) allows a court to vacate an arbitration award "[w]here the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown...." The arbitrators were well within their discretion in refusing to postpone the hearing. *See, e.g., Storey v. Searle Blatt, Ltd.,* 685 F.Supp. 80 (S.D.N.Y.1988).

### D.

Lastly, Brody argues that the award should be vacated because the arbitrators acted in manifest disregard of the law by finding fraud against him. A court may vacate an arbitration award that was in "manifest disregard of the law." *See Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953). However, review on this ground is very limited. *See Jenkins v. Prudential–Bache Securities, Inc.,* 847 F.2d 631, 634–35 (10th Cir.1988).

■ Brody maintains that the arbitrators' award was in manifest disregard of the law because it was factually and legally impossible for him to have had fraudulent intent or to have caused damages. Even assuming that I have power to review the arbitrators' factual determinations, I conclude that Brody has not met his substantial burden. To decide this issue, I would need to examine the record of the arbitration proceeding. Brody has failed to provide a transcript of the proceeding. Consequently, he has failed to meet his burden because on the record before me I cannot say that the arbitrators acted in manifest disregard of the law.

Accordingly, it is ORDERED that:

(1) Pyle's Petition for Confirmation of Arbitration Award is GRANTED;

(2) Brody's and Williams' Motions to Vacate Arbitration Award are DENIED; and

(3) final judgment shall enter with Pyle awarded costs against Brody and Williams.