**MUTUAL SERVICE CORPORATION, a Michigan corporation, and Carol A. Holesha, Plaintiffs/Counter-defendants,**

v.

**Margaret SPAULDING and Joseph P. O'Connell and James Weber, as co-trustees of the Helen Spaulding Trust, Defendants/Counter-plaintiffs.**

No. 94 C 6463.

United States District Court, N.D. Illinois, Eastern Division.

May 21, 1997.

Michael H. Moirano, Nisen & Elliott, Chicago, IL, for Mutual Service Corp.

Kevin Joslyn Young, Ronald Francis Geimer, Clausen, Miller, Gorman, Caffrey & Witous, P.C., Chicago, IL, for Carol A. Holesha.

Dale R. Crider, Warren S. Radler, Rivkin,k Radler & Kremer, Chicago, IL, for Margaret Spaulding, Joseph P. O'Connell.

### MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

This matter is before the Court on Defendants/Counter-plaintiffs' motion to confirm an arbitration award pursuant to 9 U.S.C. § 9. The motion is granted.

### I. BACKGROUND

Defendants/Counter-plaintiffs Margaret Spaulding, Joseph O'Connell and James Weber, as co-trustees of the Helen Spaulding Trust (collectively referred to as "the Trust") brought a five-count counterclaim as a result of the loss of substantial sums of money in high-risk investments against Plaintiffs/Counter-defendants Mutual Service Corporation and Carol Holesha ("Defendants").

On September 27, 1994, the arbitration panel awarded the Trust $199,000. This Court, however, vacated the award and dismissed a counterclaim to confirm the award. Upon a motion to amend the judgment, this Court amended its ruling on January 19, 1995. The amended order vacated damages with respect to certain investment transactions and remanded to the arbitration panel for reconsideration of damages for the remaining transactions.

On December 6, 1996, the panel—comprised of National Association of Security Dealers (NASD) arbitrators—issued its decision and award. The NASD arbitrators ruled in favor of the Trust. As part of the relief granted, the arbitrators awarded the

Trust attorneys' fees in the amount of $10,-000.

The Trust filed an amended counterclaim asking this court to affirm the arbitration award. Plaintiffs/Counter-defendants contend that the arbitration award should be confirmed in its entirety except for the $10,-000 award of attorneys' fees. Plaintiffs/Counter-defendants argue that the arbitrators exceeded their authority by awarding the Trust attorneys' fees.

## II. DISCUSSION

The Court disagrees with Plaintiffs/Counter-defendants' position.

Plaintiffs/Counter-defendants argue that neither the statutory counts nor the Illinois common law counts in the amended counterclaim permit the prevailing party to recover attorneys' fees. Thus, citing the "American Rule," Plaintiff/Counter-defendants argue that each party is responsible for its own attorneys' fees absent such statutory or common law authorization to the contrary.

Plaintiffs/Counter-defendants, however, have overlooked another basis for awarding attorneys' fees to the prevailing party—contractual. Thus, even assuming that the "American Rule" applies to arbitration proceedings,[1] the parties can agree to disregard it. *See Baravati v. Josephthal, Lyon & Ross, Inc.,* 28 F.3d 704, 709 (7th Cir.1994) ("[P]arties can stipulate to whatever procedures they want to govern the arbitration of their disputes.... For that matter, parties to adjudication have considerable power to vary the normal procedures....").

Here, prior to the arbitration proceedings the parties signed a "Uniform Submission Agreement." The agreement states that the parties "understand that the arbitration will be conducted in accordance with the Constitution, By–Laws, Rules, Regulations and/or NASD Code of Arbitration Procedure."

There is a provision in the NASD Code of Arbitration Procedure which provides that the arbitrators may award "damages and other relief." *See* NASD Code of Arbitration Procedure § 3741(e). The Supreme Court found that the provision was broad enough to include an award of punitive damages. *Mastrobuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52, 61, 115 S.Ct. 1212, 1218, 131 L.Ed.2d 76 (1995) ("While not a clear authorization of punitive damages, this provision appears broad enough at least to contemplate such a remedy."). Similarly, the Court concludes that the phrase "other relief" is broad enough to include an award of attorneys' fees.[2]

## III. CONCLUSION

In summary, because the arbitrators are authorized by the NASD Code of Arbitration Procedure—which the parties agreed to be bound by—to award "other relief" and the Court concluded that "other relief" could include attorneys' fees, the motion to confirm the arbitration award is granted.

Judgment is entered in favor of Spaulding and against Holesha and Mutual Service Corporation in the amount of $17,819; in favor of the Spaulding Trust and against Holesha and Mutual Service Corporation in the amount of $15,053; in favor of Spaulding and against Holesha in the amount of $7,099; in favor of the Spaulding Trust and against Holesha in the amount of $20,851; and in favor of Spaulding and the Spaulding Trust and against Holesha and Mutual Service Corporation in the amount of $10,000 for attorneys' fees.

---

1. Whether the "American Rule" applies to arbitration proceedings is an open question in the Seventh Circuit. *Gingiss Int'l, Inc. v. Bormet,* 58 F.3d 328, 332 (7th Cir.1995). The Sixth Circuit has found the rule inapplicable to arbitration proceedings. *Tennessee Dep't of Human Serv. v. U.S. Dep't of Educ.,* 979 F.2d 1162, 1169 (6th Cir.1992) ("The 'American Rule' applies to the awarding of attorneys' fees to parties that have litigated their cause *in the federal courts* and,

therefore, does not apply to this case, which concerns the awarding of attorneys' fees incurred during the arbitration process.").

2. Keep in mind, there is a "tradition of allowing arbitrators flexible remedial discretion" and "[i]t is commonplace to leave the arbitrators pretty much at large in the formulation of remedies." *Baravati,* 28 F.3d at 710.