Craig M. **DUNCAN** and Valerie L. Duncan, Plaintiffs–Appellees,

v.

**NATIONAL HOME INSURANCE COMPANY, a Risk Retention Group, Defendant–Appellant.**

No. 00CA1346.

Colorado Court of Appeals, Div. II.

Sept. 27, 2001.

Godin & Baity, LLC, Steven L. Heisdorffer, Timothy J. Kovac, Denver, CO, for Plaintiffs–Appellees.

Brenman Bromberg & Tennenbaum, P.C., Thomas R. Bromberg, Sheryl A. Whipple, Denver, CO, for Defendant–Appellant.

Opinion by Judge PLANK.

In this dispute concerning confirmation of an arbitration award, defendant, National Home Insurance Company (NHIC), appeals the trial court's judgment granting prejudgment and postjudgment interest in favor of plaintiffs, Craig M. Duncan and Valerie L. Duncan. We reverse.

When the Duncans purchased their new home, they entered into a contract that provided structural warranty coverage and was insured by NHIC. In 1997, the home suffered structural damage.

NHIC and the Duncans arbitrated the Duncans' claim pursuant to a provision of the contract. The arbitrator found in favor of

the Duncans and on December 20, 1999, awarded them $130,172. The award specified that NHIC was to make payment to the Duncans "within thirty days from the transmittal of Award to the parties." NHIC exercised its right to appeal the award, and the appellate arbitrator denied the appeal on March 8, 2000. On that same day, the Duncans filed their motion with the trial court to confirm the arbitration award and enter judgment. In addition, the Duncans requested costs and prejudgment and postjudgment interest at the statutory rate.

On March 22, 2000, NHIC tendered to the Duncans a check in the amount of $130,172, the entire amount of the arbitration award. This check contained a typed, restrictive endorsement on the back, which was placed upon the check by counsel for NHIC and read as follows:

> Endorsement hereof by Craig & Valerie Duncan constitutes an acknowledgement of full satisfaction of the award of the arbitrator entered on December 20, 1999, as later confirmed on February 28, 2000.

This check was delivered with a letter from NHIC's counsel noting the restrictive endorsement. Upon receiving the check, counsel for the Duncans wrote on the check below the restrictive endorsement the following:

> This does not waive any claims or rights to a judgment.

The trial court subsequently confirmed the arbitration award and directed the clerk to enter judgment along with prejudgment interest from March 24, 1997, and postjudgment interest. The trial court denied NHIC's motion for relief from judgment.

NHIC appeals, contending that the trial court erred in the following particulars: awarding prejudgment interest, which was not requested during arbitration; granting postjudgment interest; and allowing the Duncans' modification of the restrictive endorsement to preserve their claim for interest.

## I.

█ NHIC argues that the trial court erred in granting prejudgment interest when

it confirmed the arbitration award. We agree.

The Uniform Arbitration Act, § 13–22–213, C.R.S.2001, provides, "Upon application of a party, the court shall confirm an award, unless within the time limits imposed in this [Act] grounds are urged for vacating or modifying or correcting the award...." *See Judd Construction Co. v. Evans Joint Venture,* 642 P.2d 922, 925 (Colo.1982).

Grounds for modifying or correcting an award are found in § 13–22–215(1), C.R.S. 2001, and are as follows:

> (a) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing, or property referred to in the award;
>
> (b) The arbitrators awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or
>
> (c) The award is imperfect in a matter of form, not affecting the merits of the controversy.

█ A court is limited on review to modify or correct an arbitration award only upon statutory grounds and may not review the merits of the arbitrator's decision. *McNaughton & Rodgers v. Besser,* 932 P.2d 819, 822 (Colo.App.1996); *see also Judd Construction Co., supra,* 642 P.2d at 924 (The role of the court in considering an arbitrator's award is strictly limited, which is in conformity with the Arbitration Act and the significance of an arbitration award.).

Thus, the trial court is limited to granting "an order confirming, modifying, or correcting an award, judgment or decree [which] shall be entered in conformity therewith and be enforced as any other judgment or decree." Section 13–22–216, C.R.S.2001; *Judd Construction Co., supra,* 642 P.2d at 925.

Here, the parties have not directed our attention to, nor have we found, a controlling Colorado case on the propriety of the trial court's award of prejudgment interest when such was not requested during arbitration. In reviewing cases from other jurisdictions, we find the weight of authority to be that the addition of prejudgment interest upon confir-

mation of an arbitration award is an impermissible modification of the award. *Ebasco Constructors, Inc. v. Ahtna, Inc.,* 932 P.2d 1312 (Alaska 1997); *Creative Builders v. Avenue Developments., Inc.,* 148 Ariz. 452, 715 P.2d 308 (Ariz.Ct.App.1986); *Wolfe v. Farm Bureau Insurance Co.,* 128 Idaho 398, 913 P.2d 1168 (1996); *see Mausbach v. Lemke,* 110 Nev. 37, 866 P.2d 1146 (1994); *Palmer v. Duke Power Co.,* 129 N.C.App. 488, 499 S.E.2d 801 (1998).

The Idaho Supreme Court found that the Uniform Arbitration Act authorized the arbitrator to award prejudgment interest, but that the claim for prejudgment interest must be brought during arbitration. *Wolfe v. Farm Bureau Insurance Co., supra,* 913 P.2d at 1173. The court concluded that the failure to claim prejudgment interest during arbitration precluded recovery of such interest on a motion to confirm an arbitration award.

Similarly, the North Carolina Court of Appeals concluded that where an arbitration award makes no provision for the award of pre-award interest, a trial court is obligated to confirm the award as written. *Palmer v. Duke Power Co., supra.*

The Supreme Court of Alaska concluded that "permitting a reviewing court to add pre-award interest to an arbitration award would be inconsistent with the policy of allowing the arbitrator to determine all arbitrable aspects of a dispute" and "may needlessly put a reviewing court in the position of having to delve into the merits of a dispute." *Ebasco Constructors, Inc. v. Ahtna, Inc., supra,* 932 P.2d at 1317–18.

Here, the arbitration award itself states that it is "in full settlement of all claims submitted to this arbitration." This statement, and the law previously cited, precludes the trial court's award of prejudgment interest.

The Duncans argue that § 5–12–102(4)(a), C.R.S.2001, provides a statutory right to prejudgment interest. However, this statute does not have any application here, because interest was not requested during the arbitration.

The Duncans further argue that both *Columbine Valley Construction Co. v. Board of Directors, Roaring Fork School District RE–1J,* 626 P.2d 686 (Colo.1981), and *Wilson v. Estate of Lawrence,* 910 P.2d 67 (Colo.App. 1995), provide for the award of prejudgment interest. We find that neither case is controlling.

In *Columbine Valley,* the court only awarded interest from the date of the arbitration award. Further, the respondent there had declined to pay the award. Here, NHIC paid the arbitration award within the allowable time period.

In *Wilson v. Estate of Lawrence,* a division of this court allowed an award of interest from the date that funds were wrongfully withheld after the arbitration award. Here, no evidence was presented that NHIC wrongfully withheld funds after the arbitrator's award.

The Duncans did not request prejudgment interest during the arbitration proceedings but only when confirming the arbitration award. Following the weight of authority in other jurisdictions, *see Mausbach v. Lemke, supra,* 866 P.2d at 1149–50, we thus conclude the trial court's addition of prejudgment interest upon confirmation of the arbitration award here constituted an impermissible modification of the award.

II.

■ NHIC next contends that the trial court erred in authorizing postjudgment interest when the arbitration award had been paid within the time mandated by the arbitrator. We agree, because the check was tendered and negotiated within the time specified and prior to the trial court's entry of judgment.

III.

In view of our resolution of the foregoing issues, we need not determine whether the Duncans' modification of the restrictive endorsement had any effect.

The judgment awarding interest is reversed, and the case is remanded for further proceedings consistent with this opinion.

NEY and CASEBOLT, JJ., concur.