**David D. BARRETT, individually and on behalf of his individual retirement accounts, Petitioner–Appellee,**

v.

**INVESTMENT MANAGEMENT CON-SULTANTS, LTD., and Richard L. Behr, Jr., Respondents–Appellants.**

No. 07CA0337.

Colorado Court of Appeals, Div. V.

June 12, 2008.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2007.

Pendleton, Friedberg, Wilson & Hennessey, P.C., Alan C. Friedberg, Denver, Colorado, for Petitioner–Appellee.

Davis Graham & Stubbs, LLP, Victoria V. Johnson, Rudy E. Verner, Denver, Colorado, for Respondents–Appellants.

Opinion by Judge VOGT.

Respondents, Investment Management Consultants, Ltd., and Richard L. Behr, Jr., appeal the district court judgment confirming an arbitration award in favor of petitioner, David D. Barrett. We affirm and remand for an award of attorney fees to Barrett.

In 2000, Barrett engaged respondents to provide investment advice and manage his individual retirement accounts. The parties' investment management agreement set forth respondents' duties and provided that any disputes between the parties would be settled by arbitration. While the agreement included a paragraph stating that it was to be interpreted in accordance with Colorado law, the arbitration provision of the agreement stated: "This arbitration agreement shall be enforced and interpreted exclusively in accordance with applicable federal law, including the Federal Arbitration Act." The agreement contained no provision regarding an award of attorney fees in the event of arbitration.

A dispute arose between the parties after the value of Barrett's portfolio declined significantly. In 2004, the parties submitted the dispute to a National Association of Securities Dealers (NASD) arbitration panel in ac-

cordance with their agreement. Barrett asserted claims for violation of the Colorado Securities Act (CSA), section 11–51–501(1)(b), C.R.S.2007; breach of fiduciary duty; and breach of contract. In addition to compensation for his financial losses, Barrett sought recovery of his attorney fees on his CSA claim. Respondents denied liability and asked for an award of their attorney fees and costs incurred in defending against Barrett's claims.

Following a hearing, the arbitration panel ordered respondents to pay Barrett $221,100, with interest at eight percent per annum from the date of the award, as compensatory damages. They also awarded Barrett attorney fees in the amount of $187,000. Barrett then filed a motion in the district court to confirm the arbitration award. Respondents objected and filed a motion to vacate the award, arguing, as relevant here, that the arbitration panel exceeded its power when it awarded attorney fees because the parties had not agreed to allow the arbitrators to make such award. Respondents also contended that Barrett was not entitled to eight percent per annum postjudgment interest on the attorney fee portion of the arbitration award.

The trial court granted Barrett's motion to confirm the arbitration award and entered judgment against respondents for $408,121, "plus interest at the rate of 8% per annum on $221,121.00 from August 8, 2006 [the date of the arbitration award], to the date of this judgment in the amount of $3,877.19, for a total of $411,998.19." The court further ordered: "Post-judgment interest shall accrue on any unpaid amount of the judgment at the statutory rate from this date until paid."

### I.

Respondents contend the district court erred in confirming the arbitration award because the arbitration panel exceeded its authority by awarding attorney fees to Barrett. We disagree.

Under both the Federal Arbitration Act (FAA) and the version of the Uniform Arbitration Act (UAA) in effect in Colorado at the time of the proceedings here, a court may decline to confirm an arbitration award only in limited circumstances—including, as relevant here, where the arbitrators "exceeded their powers." See 9 U.S.C. § 10(a)(4) (2000 & Supp. II 2003); Ch. 154, sec. 1, § 13–22–214(1)(a)(III), 1975 Colo. Sess. Laws 576; Hall Street Associates, L.L.C. v. Mattel, Inc., 552 U.S. ——, ——, 128 S.Ct. 1396, 1402–03, 170 L.Ed.2d 254 (2008); State Farm Mutual Automobile Insurance Co. v. Cabs, Inc., 751 P.2d 61, 66 (Colo.1988).

We review de novo the district court's legal conclusions on a motion to confirm or vacate an arbitration award. Rocha v. Financial Indemnity Corp., 155 P.3d 602, 604 (Colo.App.2006); see also Hollern v. Wachovia Securities, Inc., 458 F.3d 1169, 1172 (10th Cir.2006) (in reviewing district court order vacating arbitration award, appellate court reviews factual findings for clear error and legal determinations de novo; however, court must nevertheless give extreme deference to arbitration panel's determination, "for the standard of review of arbitral awards is among the narrowest known to law" (quoting Brown v. Coleman Co., 220 F.3d 1180, 1182 (10th Cir.2000))). Under the FAA, errors in an arbitration panel's interpretation or application of the law are generally not reversible absent a showing that the arbitrators acted in "manifest disregard of the law." Hollern, 458 F.3d at 1176.

We conclude the arbitrators did not exceed their authority in awarding attorney fees to Barrett.

Although respondents argue that it is "unclear" whether the fee award was based on Barrett's securities act claim or on his common law claims, the record shows that Barrett requested such fees only on his CSA claim. Section 11–51–604(3) & (5), C.R.S. 2007, of the CSA permits an assessment of attorney fees against one who "recklessly, knowingly, or with an intent to defraud ... provides investment advisory services to another person in violation of section 11–51–501(5) or (6)." Thus, attorney fees were available under this section if the requisite factual showing was made.

The fact that the arbitrators mistakenly referenced an inapplicable UAA provision,

section 13–22–221, C.R.S.2007 (permitting attorney fee award in UAA arbitrations after the statute's August 4, 2004, effective date), did not require the district court to vacate the award, because such fees could properly be awarded under federal law, which governed the arbitration proceedings. *See Pyle v. Securities U.S.A., Inc.*, 758 F.Supp. 638, 640 (D.Colo.1991) (arbitrators were authorized to award attorney fees under CSA in arbitration proceeding governed by FAA).

In arguing for a contrary conclusion, respondents point out that they had not agreed that attorney fees could be awarded, and they rely on Colorado cases holding that attorney fees may not be awarded in arbitration proceedings absent such agreement. *See Carson v. PaineWebber, Inc.*, 62 P.3d 996, 1000–01 (Colo.App.2002); *Camelot Investments, LLC v. LANDesign, LLC*, 973 P.2d 1279, 1281 (Colo.App.1999); *Compton v. Lemon Ranches, Ltd.*, 972 P.2d 1078, 1079–80 (Colo.App.1999).

These cases were decided under the pre-2004 version of the Colorado UAA. *See* Ch. 154, sec. 1, § 13–22–212, 1975 Colo. Sess. Laws 575 ("Unless otherwise provided in the agreement to arbitrate, the arbitrators' expenses and fees, together with other expenses, *not including counsel fees,* incurred in the conduct of the arbitration shall be paid as provided in the award." (emphasis added)). None indicate that they involved arbitrations governed by the FAA. Thus, the cases are inapplicable here, where the arbitration is governed by "applicable federal law, including" the FAA. *See Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University,* 489 U.S. 468, 479, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989) (parties are free to choose in their arbitration agreement whether federal law or state law will apply in the arbitration proceedings).

■ The parties' choice of the law that will apply to the arbitration proceeding controls the arbitration even where, as here, the agreement provides that a different law will govern the substantive rights and duties of the parties. *See Mastrobuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52, 64, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995) ("[T]he choice-of-law provision covers the rights and duties of the parties, while the arbitration clause covers arbitration ...."); *see also 1745 Wazee LLC v. Castle Builders Inc.,* 89 P.3d 422, 424 (Colo.App.2003) (as in *Mastrobuono,* choice-of-law clause in parties' contract related only to Colorado substantive law; FAA applied with respect to arbitration procedures); *Padilla v. D.E. Frey & Co.,* 939 P.2d 475, 478 (Colo.App.1997) (relying on *Mastrobuono* to conclude that arbitrators could award punitive damages even though Colorado substantive law would not allow such damages, where parties agreed that arbitration proceedings would be conducted in accordance with NASD code, which permitted arbitrators to award such damages).

■ Under federal law, arbitrators may award attorney fees even absent an express agreement by the parties. *See PaineWebber Inc. v. Bybyk,* 81 F.3d 1193, 1202 (2d Cir. 1996) (although agreement provided that it would be governed by New York law, under which claim for attorney fees could not be submitted to arbitrator "unless expressly provided," that choice of law provision would "not be construed to impose substantive restrictions on the parties' rights under the Federal Arbitration Act, including the right to arbitrate claims for attorneys' fees"; thus, investor's claim against brokerage firm for attorney fees was subject to arbitration); *Intercity Co. Establishment v. Ahto,* 13 F.Supp.2d 253, 263–64 (D.Conn.1998) (in proceeding under FAA, "[a]bsent a provision in the arbitration agreement foreclosing attorney's fees as a remedy, respondents were not precluded from seeking fees and there was nothing improper in their award"); *Porush v. Lemire,* 6 F.Supp.2d 178, 186 (E.D.N.Y.1998) (arbitrators in NASD arbitration governed by FAA did not exceed their authority by awarding attorney fees, even though New York law barred arbitrators from awarding such fees); *Mutual Service Corp. v. Spaulding,* 972 F.Supp. 1126, 1127 (N.D.Ill.1997) (arbitrators' attorney fee award was proper where parties submitted dispute to arbitration in accordance with NASD code and that code provided that arbitrators could award damages and "other relief"); *First Interregional Equity Corp. v. Haughton,* 842

F.Supp. 105, 112 (S.D.N.Y.1994) (in proceeding governed by FAA, arbitrators had authority to award attorney fees); *see also Pyle,* 758 F.Supp. at 639 (under arbitration agreement governed by federal arbitration law, Colorado law restricting arbitrators' power to award punitive damages did not apply).

Thus, because the arbitrators in this case were authorized to award attorney fees under the law governing the arbitration proceeding, the district court properly refused to vacate the award as in excess of the arbitrators' authority.

## II.

■ We also disagree with respondents' contention that the district court erred in ordering postjudgment interest to accrue on the entire judgment, not simply on the portion of the judgment on which the arbitrators had awarded postjudgment interest.

Respondents argue that ordering postjudgment interest on the entire judgment contravened the provision of the applicable Colorado UAA requiring that a district court judgment be "in conformity" with the arbitration award it is confirming. *See* Ch. 154, sec. 1, § 13–22–216, 1975 Colo. Sess. Laws 577 ("Upon the granting of an order confirming, modifying, or correcting an [arbitration] award, judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree."); *see also* § 13–22–225(1), C.R.S.2007 (court is to enter judgment "in conformity" with arbitration award, and judgment may then be "enforced as any other judgment in a civil action"). However, respondents overlook the fact that, under both the Colorado UAA and the FAA, once a judgment is entered confirming an arbitration award, that judgment is "enforced as any other judgment." *See* § 13–22–216 (former version); *see also* 9 U.S.C. § 13 (2000) ("The judgment . . . entered shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action. . . .").

Colorado law provides that postjudgment interest is to be paid on any judgment for money until the judgment is satisfied. *See* § 5–12–102(4), C.R.S.2007 ("Except as provided in section 5–12–106, creditors shall be allowed to receive interest on any judgment recovered before any court authorized to enter the same within this state from the date of entering said judgment until satisfaction thereof . . . ."); *see also* § 5–12–106, C.R.S. 2007 (establishing rate of interest in cases where "a judgment for money in a civil case is appealed by a judgment debtor").

■ These statutes require postjudgment interest on the entire judgment, regardless of the character of the judgment debtor's antecedent liability or the nature of the awards that, together, have given rise to the judgment. *See In re Marriage of Gutfreund,* 148 P.3d 136, 141–42 (Colo.2006) (section 5–12–106(1)(a), C.R.S.2007, requires interest in all instances where a debtor appeals and the award is affirmed, without regard to whether the judgment is for attorney fees and without regard to whether interest was specifically requested); *David C. Olson, Inc. v. Denver & Rio Grande Western Railroad Co.,* 789 P.2d 492, 494–95 (Colo.App.1990) ("Once a judgment enters, the nature of a party's liability changes. The liability arising from a judgment is a new one, distinct from the liability upon which the judgment is based, and any prior liability merges into that judgment"; thus, once judgment entered against prime contractor, prime contractor's liability to subcontractor was no longer for attorney fees but was "grounded upon" the judgment itself); *Bassett v. Eagle Telecommunications, Inc.,* 750 P.2d 73, 76 (Colo.App.1987) (section 5–12–106(1)(b), C.R.S.2007, providing for interest on a "judgment for money," contains "no language that permits a court to divide a single unsatisfied judgment into two or more parts for the purpose of computing interest").

While no Colorado case appears to have addressed the specific issue presented here, a division of this court held, in *Duncan v. National Home Insurance Co.,* 36 P.3d 191, 192–93 (Colo.App.2001), that addition of *pre-judgment* interest was an impermissible modification of the arbitration award under former section 13–22–216. However, the division did not suggest that *postjudgment* interest was subject to the same analysis;

rather, it concluded that the award of post-judgment interest was error because the arbitration award had been paid prior to the district court's entry of judgment. *Id.* at 193.

Although Colorado law governs this issue, *see* § 5–12–102(4), we note that the principle articulated in the Colorado cases discussed above has been applied in federal cases to require federal statutory postjudgment interest even where the arbitration award did not so provide. *See Fidelity Federal Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir.2004) (once arbitration award is confirmed in federal court, federal postjudgment interest rate applies, even though arbitration award referred only to prejudgment interest); *Carte Blanche (Singapore) Pte., Ltd. v. Carte Blanche International, Ltd.*, 888 F.2d 260, 269 (2d Cir.1989) (federal statutory postjudgment interest rate governed even though arbitrators had established a different rate); *Parsons & Whittemore Alabama Machinery & Services Corp. v. Yeargin Construction Co.*, 744 F.2d 1482, 1484 (11th Cir.1984) (same).

Thus, because the judgment confirming the arbitrators' award was enforceable in the same manner as any other money judgment, and because Colorado law requires payment of postjudgment interest on all such judgments, the district court did not err or violate former section 13–22–216 by ordering that postjudgment interest would accrue on any unpaid portion of the judgment.

### III.

Respondents also argue that awarding Barrett the full amount of the attorney fees he requested would give him a windfall, inasmuch as his attorneys had taken the case on a contingent fee basis that required Barrett to pay them only one-third of the judgment amount.

 Because this issue was raised for the first time in respondents' reply brief, we need not address it. *See People v. Czemerynski*, 786 P.2d 1100, 1107 (Colo.1990); *Jenkins v. Haymore*, — P.3d —,—, 2007 WL 4531712 (Colo.App. No. 06CA0846, Dec. 27, 2007). We note, however, that, because a contingent fee agreement is only one factor to be considered in determining a reasonable attorney fee award and does not impose an automatic ceiling on such award, the arbitrators were not required to limit their attorney fee award to the amount Barrett was obligated to pay under the contingent fee agreement. *See Blanchard v. Bergeron*, 489 U.S. 87, 92, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989); *Spensieri v. Farmers Alliance Mutual Insurance Co.*, 804 P.2d 268, 271 (Colo.App. 1990).

### IV.

Barrett has requested an award of attorney fees he incurred in defending his award in the trial court and this court. We agree that he is entitled to such fees.

 As discussed above, the arbitrators awarded Barrett his attorney fees pursuant to section 11–51–604(3) & (5) of the CSA. As a general rule, a party who recovers attorney fees pursuant to statute is entitled to reasonable attorney fees incurred in defending against a challenge to such award. *See Front Range Home Enhancements, Inc. v. Stowell*, 172 P.3d 973, 976–77 (Colo.App. 2007); *Kennedy v. King Soopers Inc.*, 148 P.3d 385, 390 (Colo.App.2006); *Levy–Wegrzyn v. Ediger*, 899 P.2d 230, 233 (Colo.App. 1994).

Because the district court is in a better position to determine the amount of Barrett's reasonable attorney fees incurred in defending the arbitrators' attorney fee award, we remand the case to the district court to make that determination. *See* C.A.R. 39.5; *Camelot Investments*, 973 P.2d at 1281.

The judgment is affirmed, and the case is remanded to the district court with directions to determine and award Barrett his reasonable attorney fees incurred in defending against respondents' challenges to his attorney fee award.

Judge GRAHAM and Judge LICHTENSTEIN concur.