No. 14,323.

TWIN LAKES RESERVOIR AND CANAL COMPANY *v.* PLATT ROGERS, INC.

(94 P. [2d] 1090)

Decided September 25, 1939. Rehearing denied October 23, 1939.

50

Messrs. BARTELS, BLOOD & BANCROFT, Mr. HARRY E. MAST, for plaintiff in error.

Messrs. ADAMS & GAST, Mr. SAM PARLAPIANO, Mr. JAMES W. BOOTH, for defendant in error.

*En Banc.*

MR. JUSTICE KNOUS delivered the opinion of the court.

THE parties to this litigation retain the same relative position here as in the lower court and in this opinion the Twin Lakes Reservoir and Canal Company will be

mentioned as plaintiff and Platt Rogers, Incorporated, as defendant.

Plaintiff is a mutual ditch and reservoir company engaged in supplying water for the lands of its stockholders in Crowley county. Defendant is a corporation engaged in the construction and engineering business. September 14, 1933, the parties entered into a written contract for the construction by defendant of certain units of the plaintiff's "Independence Pass Transmountain Diversion System," consisting of Tunnel No. One, the Lincoln Gulch Diversion Dam, the New York Collection Canal, and all incidental work in connection with such construction. The cost of the work on a bid basis amounted to $910,000, but the actual cost has been in excess of that sum. October 18, 1935, the chief engineer of plaintiff delivered to defendant the final estimate fixing the amount that he, as the representative of the plaintiff, found to be due defendant under the contract. Thereafter defendant filed with plaintiff certain written objections to this final estimate of the latter's chief engineer, and in addition, made certain specific claims against plaintiff for amounts said to be due it under the construction contract. Some of these objections were compromised and adjusted; others were withdrawn. Finally, when it appeared that no further amicable adjustment could be reached, the parties entered into a written agreement submitting the particular matters in controversy to arbitration and adjustment by arbitrators. Subsequently an award dated April 5, 1937, was returned by the board of arbitrators whereby defendant was allowed an aggregate total of $67,645.40 upon various items against plaintiff. This award was filed in the district court of Pueblo county and judgment entered thereon in accordance therewith. Thereafter plaintiff instituted the instant proceeding in the district court of Pueblo county against defendant for the purpose of setting aside and vacating the award and the judgment rendered thereon. In due course defendant filed a gen-

eral demurrer to the plaintiff's second amended complaint, which demurrer was sustained by the court and plaintiff having elected to stand upon its second amended complaint, judgment was entered by the court dismissing the action and plaintiff is here seeking a review of that adjudication.

As grounds for the equitable relief sought plaintiff claims: (1) That the arbitrators did not conduct their proceedings as required by the Colorado Code of Civil Procedure and the arbitration agreement; (2) that the arbitrators exceeded the authority conferred upon them by the arbitration agreement in making an award that was contrary to and in direct violation of the express provisions of the construction contract of September 14, 1933; (3) that the arbitrators exceeded the authority conferred upon them by the arbitration agreement in making awards in favor of defendant for claims never made by it and for matters never submitted to said arbitrators for determination.

Upon the first point the complaint alleges that the board of arbitrators violated the terms and conditions of the arbitration agreement by holding many meetings and hearings with reference to the matters in controversy, at times and places unknown to the plaintiff; that said arbitrators failed and neglected to give plaintiff notice in writing or otherwise of the times and places of said meetings and hearings, and it is alleged, upon information and belief, that no notice of such meetings was given to the defendant. It is further alleged that the arbitrators delegated to one A. C. Stiefel and other persons unknown to plaintiff, the determination of certain matters in controversy and adopted as their own the findings and determination of such matters by the same Stiefel and such other persons in secret, without any hearing of which the plaintiff was notified, and without affording plaintiff the privilege of being present at the time of receiving such reports and without giving it any opportunity to introduce evidence, if it so desired. In

addition, complaint is made that the information contained in these reports was intentionally withheld from the plaintiff by the arbitrators and that plaintiff was afforded no opportunity to controvert the same, although it had verbally and in writing demanded access to such reports in order that it might introduce evidence in opposition thereto as it had a right to do under the terms and conditions of the arbitration agreement. It is further pleaded that the arbitrators considered and acted upon the matters in controversy between the parties hereto as individuals instead of as a board of arbitrators. Plaintiff contends that these allegations, admitted for the purpose of the demurrer, establish sufficient cause for the impeachment of the award under section 320 of the Code of Civil Procedure, as a consequence of which it is asserted the court erred in sustaining the demurrer. It is our conclusion that plaintiff is correct in this contention.

■ ■ The arbitration agreement required that the arbitrators should give reasonable notice in writing of the time and place their hearings were to be held. It further provides that the meetings of the board of arbitrators may be continued from time to time until each of the parties shall have had a reasonable opportunity to promptly present to such board the evidence which it desires to offer in support of its position with reference to the claims of defendant. Unless, contrary to the situation here, the agreement or a statute provides otherwise, it is a universally recognized rule that the parties to an arbitration proceeding have an absolute right to be heard and present evidence before the arbitrators (3 Am. Jur., p. 929, §102), and that a refusal on the part of the board to receive such evidence is such misconduct as affords a sufficient ground for setting aside the award. 8 Ann. Cas., 510. "Unless otherwise provided in the submission, or waived, each party is likewise, entitled to reasonable notice of the time and place of the hearing; and it is the duty of the arbitrators to give such notice.

Their failure to do so is construed as a denial of the opportunity to be heard; and renders their further proceedings invalid, irrespective of the fact that there may have been no corrupt intention." 3 Am. Jur., p. 931, §104.

██ Although the arbitration agreement provides that the arbitrators shall have power to make such independent investigation of the matters in controversy as to them may seem necessary in order to arrive at a correct solution of the matter, no authority is thereby conferred upon them to adopt the conclusions of outsiders who may be consulted, without a considered determination of their own upon the information so obtained. 3 Am. Jur., p. 936, §111, and p. 966, §144. "Arbitrators cannot, as a general rule, delegate their powers. They are selected by parties who have placed particular confidence in their personal judgment, discretion and ability, and it would be a palpable injustice if they were permitted to delegate their responsibility and power to others." 2 R. C. L., p. 376, §22; 6 C. J. S. 191.

It thus seems apparent that in a legal sense, without importing improper motives to the arbitrators, the effect of the foregoing allegations of the complaint is sufficient to charge misconduct of the board.

 Counsel for defendant argue that certain recitals of the arbitration award relating to the manner in which the arbitrators proceeded are inconsistent with and contradict the above mentioned allegations of the complaint. This circumstance can have no bearing upon the disposition of the demurrer since the uniform holding of the adjudicated cases is that awards, even though valid on their faces, may be set aside in equity for misconduct on the part of the arbitrators, and that extrinsic evidence is admissible to prove such misconduct. 3 Am. Jur., p. 964, §142. Also, based on statements in the arbitration award, defendant calls attention to certain conduct on the part of the plaintiff which it is said amounts to a waiver of a portion of its alleged equitable grounds for relief. Whatever may be the true factual

situation with respect thereto, it is elementary that such alleged waivers must be asserted by way of defense.

We must conclude, therefore, as against the general demurrer, that the complaint states sufficient facts to constitute a cause of action and that the demurrer should have been overruled. In the light of this conclusion and under the state of the record, we deem it unnecessary to discuss the other assignments of error. The judgment is reversed and the cause remanded with instructions to overrule the demurrer, and for further proceedings not inconsistent herewith.

MR. JUSTICE OTTO BOCK and MR. JUSTICE BURKE not participating.