Marcello **CABUS** and Abby **Kavanaugh,**
Applicants-Appellees,

v.

**DAIRYLAND INSURANCE COMPANY,**
Respondent-Appellant.

No. 81CA0945.

Colorado Court of Appeals,
Div. III.

Aug. 26, 1982.

Rehearing Denied Sept. 16, 1982.

Certiorari Denied Dec. 20, 1982.

The Law Offices of Shelley B. Don, Shelley B. Don, Bruce A. Lampert, Denver, for applicants-appellees.

Pryor, Carney & Johnson, P.C., David D. Karr, Edward D. Bronfin, Englewood, for respondent-appellant.

SMITH, Judge.

Dairyland Insurance Company appeals the trial court's judgment confirming, *in toto,* an arbitration award entered in favor of Marcello Cabus and Abby Kavanaugh and against Dairyland Insurance Company. We affirm.

In October of 1977, Cabus and Kavanaugh were involved in an automobile accident with an uninsured motorist. Cabus was the driver and Kavanaugh the passenger in a car owned by one Gyuro. At the time of the accident, both Cabus and Gyuro were insured by Dairyland policies, each of which included an uninsured motorist endorsement and provided coverage limits of $15,000 per person, and $30,000 per occurrence. Also, each policy contained a so called "anti-stacking" provision. That part of the policies provided that if Dairyland was the excess carrier it would be liable only to the extent that its coverage exceeded the dollar limits of the primary carrier.

Following the accident, Cabus and Kavanaugh each demanded $30,000 worth of benefits from Dairyland. Dairyland indicated that each claimant would be limited by virtue of the anti-stacking provision to $15,000. Cabus and Kavanaugh thereafter filed a timely demand with the American Arbitration Association for arbitration, requesting a jurisdictional limit of $60,000. Although the policies called for arbitration only of the issues of right to recover from the uninsured motorist and the amount of damages, Dairyland agreed to submit the issue of stacked coverage to arbitration, and the question was briefed and argued before the arbitrator.

After the proceedings were complete but prior to the time the award was rendered, Dairyland attempted to withdraw the anti-stacking issue by way of a letter addressed to the arbitrator. The arbitrator nevertheless ruled on the excess coverage issue, finding that the policies could be stacked and that Cabus and Kavanaugh were each entitled to recover $30,000.

Dairyland appeals the refusal of the trial court to vacate or modify that award urging two grounds for reversal.

Dairyland first asserts that because the insurance policies did not require arbitration of the stacking issue it was entitled to withdraw that issue unilaterally at anytime prior to entry of the award. We do not agree.

The parties may expand an original contract for arbitration by agreeing to submit to arbitration other matters of dispute. *International Service Insurance Co. v. Ross,* 169 Colo. 451, 457 P.2d 917 (1969). The expanded agreement is a binding contract upon the parties which invests the arbitrator with jurisdiction to determine all matters so submitted. *Piggly Wiggly Operators Warehouse, Inc. v. Piggly Wiggly Operators Warehouse Independent Truckdrivers Union,* 611 F.2d 580 (5th Cir.1980); *Linwood v. Sherry,* 16 Misc.2d 488, 178 N.Y. S.2d 492 (N.Y.S.1958); *Grover v. Universal*

*Underwriters,* 80 N.J. 221, 403 A.2d 448 (1979); *see Ezell v. Rocky Mountain Bean & Elevator Co.,* 76 Colo. 409, 232 P. 680 (1925).

■ Once a controversy is so submitted, it remains before the arbitrator until an award is rendered unless the parties mutually agree to withdraw it. *Gerard v. Salter,* 146 Cal.App.2d 840, 304 P.2d 237 (1956); *Allstate Insurance Co. v. Schmitka,* 12 Cal. App.3d 59, 90 Cal.Rptr. 399 (1970).

■ That an issue was voluntarily submitted or submitted by an agreement expanding the original scope of the arbitrator's jurisdiction does not alter the fact that, once agreed upon, it becomes part of a binding contract to arbitrate. Here, Dairyland concedes that it agreed to submit the stacking question to arbitration, but maintains that a voluntarily submitted issue is unilaterally revocable. There is nothing in Colorado statutory or case law to indicate that an expanded arbitration agreement is to be treated any differently from the original. The critical fact is that both parties agreed to arbitrate the issue of stacking— to allow one party to withdraw such an issue after going through the arbitration process does not comport with the policy favoring arbitration.

Accordingly, we hold that Dairyland was not entitled to withdraw the stacking issue unilaterally after it agreed to its submission, and briefed and argued it before the arbitrator.

Dairyland next contends that the arbitrator exceeded his powers in awarding any amounts under the excess policy and that the award must therefore be vacated pursuant to § 13–22–214(1)(a)(III), C.R.S.1973 (1981 Cum.Supp.).

Dairyland takes the position that the arbitrator disregarded the settled law in Colorado as established in *Alliance Mutual Casualty Co. v. Duerson,* 184 Colo. 117, 518 P.2d 1177 (1974).

Thus, Dairyland is essentially arguing that the arbitrator was bound to follow and apply Colorado law. However, both the arbitration agreement contained in the insurance policy and the Uniform Arbitration

Act, § 13–22–201 et seq., C.R.S.1973 (1981 Cum.Supp.), are silent as to what substantive law should be applied by the arbitrator or even whether any substantive law must be applied.

■ Generally, arbitrators are not bound by either substantive or procedural rules of law, except as required under the terms of the arbitration agreement. *Textile Workers v. Lincoln Mills,* 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957); *Aimcee Wholesale Corp. v. Tomar Products, Inc.,* 21 N.Y.2d 621, 289 N.Y.S.2d 968, 237 N.E.2d 223 (1968); *Jacob v. Pacific Export Lumber Co.,* 135 Or. 622, 297 P. 848 (1931); *see also* § 13–22–214(1)(b), C.R.S.1973 (1981 Cum. Supp.). For example, we recently found that where a blanket agreement to submit to arbitration contained *no* restriction on the power of the arbitrator, and the parties agreed, as here, to be bound by the decision, the arbitration agreement was controlling and could not be superseded on appellate review *Red Carpet Armory Realty Co. v. Golden West Realty Co.,* 644 P.2d 93 (Colo. App.1982).

■ Consequently, even if *Alliance Casualty Co. v. Duerson, supra,* is the most appropriate statement of Colorado law, the arbitrator's failure to apply it did not vitiate his award. *Twin Lakes Reservoir & Canal Co. v. Platt Rogers, Inc.,* 112 Colo. 155, 147 P.2d 828 (1944); *see also Atencio v. Mid-Century Insurance Co.,* 619 P.2d 784 (Colo.App.1980); *Sisters of Mercy v. Meade & Mount Construction Co.,* 165 Colo. 447, 439 P.2d 733 (1968).

Because the arbitrator did not exceed his powers within the meaning of § 13–22–214(1)(a)(III), and (b), C.R.S.1973 (1981 Cum.Supp.) in permitting the stacking of the policies, we are obligated to uphold the district court's confirmation of the award. *Judd Construction Co. v. Evans Joint Venture,* 642 P.2d 922 (Colo.1982).

Accordingly, the judgment is affirmed.

KELLY and KIRSHBAUM, JJ., concur.