**Thomas L. COMPTON and Patricia Ann Compton, Plaintiffs–Appellees,**

**v.**

**The LEMON RANCHES, LTD., a Colorado limited partnership, and Laura M. Lemon, Defendants–Appellants.**

No. 97CA1907.

Colorado Court of Appeals, Div. III.

Jan. 7, 1999.

Crane, Leake, Casey, Ehlers & Eggleston, P.C., James A. Casey, Durango, Colorado, for Plaintiffs–Appellees.

Pelz & Associates, P.C., Harlan P. Pelz, Christopher B. Dominick, Denver, Colorado, for Defendants–Appellants.

Opinion by Chief Judge HUME.

Defendants, The Lemon Ranches, Ltd. and Laura M. Lemon, appeal from the trial court judgment vacating the portion of an arbitration award ordering plaintiffs, Thomas L. and Patricia Ann Compton, to pay defendants $8,006.51 in attorney fees and costs. We affirm in part, reverse in part, and remand with directions.

In efforts to resolve a partnership dispute and replevin action, the parties entered into a "Settlement Stipulation." The stipulation contained a clause providing that matters arising out of or related to the stipulation, the partnership agreement, the replevin case, or any other dispute, would be resolved by binding arbitration pursuant to Colorado statute. The trial court approved the stipulation and retained jurisdiction to enforce its terms.

Eventually, a dispute arose regarding the replevin issues, and the parties moved for an order requiring arbitration. The trial court entered such an order and specifically stated therein that "[e]ach side shall pay its own attorney fees and costs" associated with the arbitration. The trial court entered a subsequent order providing that ultimate responsibility for the arbitration fee would be resolved by the arbitrator.

After the arbitration hearing, the parties received a letter from the association conducting the arbitration. That letter provided that the "[p]arties shall submit correspondence regarding attorney fees and costs, to the Association on or before April 14, 1994" and that upon receipt of such correspondence and other items, the arbitrator would declare the hearing closed. Both parties did submit affidavits regarding fees and costs.

The arbitrator entered an award substantially favoring defendants which included a provision that plaintiffs pay defendants' attorney fees and costs totaling $8,006.51.

Plaintiffs filed a motion to vacate and/or modify the arbitrator's award. They challenged the substantive portions of the award and also argued that the arbitrator had exceeded his authority in awarding attorney fees.

The trial court issued an order confirming the substantive provisions of the award. However, the trial court determined that payment of attorney fees was not a matter submitted to the arbitrator. Consequently, it vacated the portion of the award requiring payment of attorney fees and costs. The trial court later denied defendants' motion to alter or amend its findings.

■ Defendants contend that the trial court erred in vacating the arbitrator's award of costs and attorney fees. We conclude that the trial court should have confirmed the award as it pertained to costs but not as to attorney fees.

Section 13–22–212, C.R.S.1998, covers fees and expenses of arbitration and provides as follows:

Unless otherwise provided in the agreement to arbitrate, the arbitrators' expenses and fees, together with other expenses, *not including counsel fees,* incurred in the conduct of the arbitration shall be paid as provided in the award. (emphasis added)

Colorado courts have yet to interpret the impact of this statutory provision on an arbitrator's authority to award attorney fees. However, courts in other jurisdictions which, like Colorado, have adopted the Uniform Arbitration Act have construed identical or substantially similar language in their respective statutes. These courts have concluded that such provisions prohibit an arbitrator from awarding attorney fees in a contract setting unless the parties have agreed that the arbitrator shall address that issue. *See Canon School District No. 50 v. W.E.S. Construction Co.,* 180 Ariz. 148, 882 P.2d 1274 (1994) (arbitrator cannot award attorney fees unless the parties specifically agree to and provide for such fees in the arbitration agreement); *Turnberry Associates v. Service Station Aid, Inc.,* 651 So.2d 1173 (Fla.1995) (requiring "express waiver" of right to have trial court decide issue of attorney fees); *Hope & Associates, Inc. v. Marvin M. Black Co.,* 205 Ga.App. 561, 422 S.E.2d 918 (1992) (parties may contract to have arbitrator award attor-

ney fees); *Bingham County Commission v. Interstate Electric Co.,* 105 Idaho 36, 665 P.2d 1046 (1983) (arbitrator precluded from awarding attorney fees absent contractual agreement between parties); *Nucor Corp. v. General Bearing Corp.,* 333 N.C. 148, 423 S.E.2d 747 (1992) (requiring that parties specifically agree to allow arbitrator to award fees).

Here, the original stipulation did not contain a specific provision allowing the arbitrator to award attorney fees. Thus, the dispositive issue is whether the parties subsequently agreed that the arbitrator could award attorney fees.

■ The existence of a contract or any modification or amendment thereto is a question of fact to be determined by consideration of all the circumstances. *See I.M.A., Inc. v. Rocky Mountain Airways, Inc.,* 713 P.2d 882 (Colo.1986). Unless the trial court's findings are clearly erroneous, they will not be reversed on appeal. *See Gebhardt v. Gebhardt,* 198 Colo. 28, 595 P.2d 1048 (1979); *L.U. Cattle Co. v. Wilson,* 714 P.2d 1344 (Colo. App.1986).

Here, the trial court specifically found that the parties had no agreement to arbitrate the issue of attorney fees. Defendants challenge this determination. They point to the fact that both sides complied with the arbitration association's letter by submitting an affidavit of attorney fees and costs. Defendants argue that this conduct conclusively demonstrates an agreement that the arbitrator could award attorney fees. We are not persuaded.

In our view, the parties' conduct of complying with the arbitration association letter, standing alone, does not compel a conclusion that the parties agreed the arbitrator could award attorney fees. This is particularly true given the prior trial court order requiring the parties to pay their own attorney fees. Thus, we conclude that the trial court's

determination under these circumstances, that the parties had not agreed to arbitrate the issue of attorney fees, was not clearly erroneous.

■ We also disagree with defendants that *Cabus v. Dairyland Insurance Co.,* 656 P.2d 54 (Colo.App.1982) requires reversal of the trial court. *Cabus* does provide that the parties may expand an original contract for arbitration by agreeing to submit to arbitration other matters in dispute. However, unlike the circumstances of this case, in *Cabus,* there was no dispute that the parties had agreed to submit the supplemental question to arbitration.

■ Finally, while we affirm the trial court's decision to vacate the arbitrator's award of attorney fees, we reverse its decision with respect to defendant's costs. Although § 13–22–212 excludes "counsel fees," it appears to cover other costs incurred in the arbitration. Because there was no agreement to the contrary, the statute compels the parties to pay these costs as provided under the arbitrator's award. Thus, to the extent the arbitrator's $8,006.51 figure represented costs other than counsel fees, the trial court should have confirmed the award.

The judgment is affirmed except for the portion vacating the arbitrator's award of costs. That portion of the judgment in reversed, and the cause is remanded for modification of the judgment consistent with the views expressed in this opinion.

Judge JONES and Judge RULAND concur.