**CAMELOT INVESTMENTS, LLC,**
Plaintiff–Appellant,

v.

**LANDesign, LLC, and Phil M. Hart,**
Defendants–Appellees.

No. 97CA2275

Colorado Court of Appeals,
Div. III.

Feb. 4, 1999.

Wells, Love & Scoby, LLC, Craig N. Blockwick, Boulder, Colorado, for Plaintiff–Appellant.

Doehling & Associates, P.C., Gary L. Doehling, Grand Junction, Colorado, for Defendants–Appellees.

Opinion by Judge RULAND.

Plaintiff, Camelot Investments, LLC, appeals the award of attorney fees in favor of defendants, LANDesign, LLC, and Phil M. Hart (LANDesign). We affirm and remand with directions.

Camelot, the developer of a residential subdivision, contacted LANDesign about providing planning and engineering services for the project.

Later, LANDesign began work in accordance with a proposal it had submitted. The parties executed an addendum which contained a provision requiring the parties to arbitrate "any dispute" between them, except for "actions brought by LANDesign for collection of amounts owed for services rendered by LANDesign...." This provision also required Camelot to "pay all attorneys fees and expenses incurred by LANDesign in collecting amounts owed by [Camelot] *or in connection with any arbitration or litigation.*" (emphasis supplied)

Thereafter, Camelot brought this action seeking damages based upon allegations that LANDesign had performed defective design work. LANDesign moved to compel arbitration based on the addendum. In response, Camelot argued that none of the documents concerning design services included an arbitration clause.

The trial court held a hearing on LANDesign's motion to compel arbitration. Thereafter, the court entered a written order finding that, by executing the addendum, the parties had intended for its provisions to pertain to the entire contract between them. As a result, the court determined that the scope of the arbitration provision was sufficient to cover all claims Camelot had asserted against LANDesign. The court then dismissed the complaint concluding that it lacked subject matter jurisdiction over Camelot's claims.

LANDesign then filed a motion seeking its costs and attorney fees based on the language of the addendum. The parties entered into a stipulation that LANDesign had incurred reasonable attorney fees of $5,165.75. The court then entered an order for fees on the stipulated amount.

## I.

Camelot contends that because the trial court determined that it lacked subject matter jurisdiction over Camelot's complaint, it also lacked jurisdiction to award attorney fees to LANDesign under the addendum. We disagree.

## A.

■ Initially, we address whether we have subject matter jurisdiction to consider this appeal.

■ Generally, an order that resolves less than all the issues in an action is not a final judgment for purposes of appeal. *See Harding Glass Co. v. Jones,* 640 P.2d 1123 (Colo. 1982). Thus, it may be argued that the trial court's order resolving only the issue of LANDesign's attorney fees and costs is not appealable at this stage of the proceedings. *See State Farm Fire & Casualty Co. v. Bellino,* 976 P.2d 342 (Colo.App.1998).

Section 13–22–221(a), C.R.S.1998, provides, however, that an appeal may be taken from "[a]n order denying an application to compel arbitration made under section 13–22–204." *See Mountain Plains Constructors, Inc. v. Torrez,* 785 P.2d 928 (Colo.1990)(a denial of a motion to compel arbitration is an appealable order).

Here, Camelot initially objected to LANDesign's motion for costs and attorney fees on the basis that the trial court lacked subject matter jurisdiction to proceed. Although this objection was not based specifically on whether the issue of attorney fees was subject to arbitration, such an interpretation is necessarily a part of Camelot's argument.

In addition, this interpretation is supported by LANDesign's response as well as Camelot's reply which concluded that "any request for [attorney fees] is properly a subject for arbitration." Thus, the court's order, in effect, was equivalent to the denial of a motion to compel arbitration on the issue of fees.

Accordingly, we conclude that we have subject matter jurisdiction to hear this appeal pursuant to § 13–22–221(a).

## B.

■ The dispositive issue then becomes whether the trial court erred in deciding the

issue of LANDesign's attorney fees rather than compelling arbitration of that issue. We agree with the trial court's ruling.

■ The public policy of Colorado generally encourages resolution of disputes through arbitration. *See Huizar v. Allstate Insurance*, 952 P.2d 342 (Colo.1998); *see also* § 13–22–201, et seq., C.R.S.1998 (Uniform Arbitration Act). As to the specific issue here, §13–22–212, C.R.S.1998, addresses the authority of the arbitrator to award certain fees and expenses. It provides:

> Unless otherwise provided in the agreement to arbitrate, the arbitrators' expenses and fees, together with other expenses, *not including counsel fees, incurred in the conduct of the arbitration* shall be paid as provided in the award. (emphasis supplied)

This provision was recently construed in *Compton v. Lemon Ranches, Ltd.*, 972 P.2d 1078 (Colo.App.1999). There, the division noted that other jurisdictions which have interpreted this or similar language have concluded that the statute prohibits an arbitrator from awarding attorney fees unless the parties have specifically agreed that the arbitrator shall address that issue.

Here, the reference to both "arbitration" and "litigation" in the attorney fee provision confirms that the parties contemplated that LANDesign could, by court order, recover the attorney fees and costs irrespective of whether such were incurred in arbitration or litigation. However, the agreement does not specifically authorize the arbitrator to award fees incurred in the litigation.

Therefore, the trial court did not err in awarding LANDesign the attorney fees it incurred in the trial court, and its order is not void for lack of jurisdiction. *See Compton v. Lemon Ranches, Ltd., supra.*

## II.

■ LANDesign seeks an award of its appellate attorney fees pursuant to the attorney fee provision in the addendum. In view of our determination that the addendum permits LANDesign to recover the attorney fees it incurs in connection with any litigation with Camelot, we conclude that an award of LANDesign's appellate attorney fees is ap-

propriate. *See Converse v. Zinke*, 635 P.2d 882 (Colo.1981). However, because the trial court is in a better position to determine what constitutes a reasonable fee award, the cause will be remanded to the court for such determination. *See Zambruk v. Perlmutter 3rd Generation Builders, Inc.*, 32 Colo.App. 276, 510 P.2d 472 (1973).

The order awarding LANDesign its attorney fees is affirmed and the cause is remanded to the trial court with directions to determine the reasonable attorney fees LANDesign incurred in defending against this appeal.

Chief Judge HUME, and Judge JONES concur.