Robert CARSON, Plaintiff–Appellant,

v.

PAINEWEBBER, INCORPORATED,
Defendant–Appellee.

No. 01CA0489.

Colorado Court of Appeals,
Div. V.

Feb. 28, 2002.

Rehearing Denied May 9, 2002.

Certiorari Denied Jan. 21, 2003.

Brega & Winters, P.C., Charles F. Brega, Wesley B. Howard, Denver, Colorado; Warren A. Robinson, Littleton, Colorado, for Plaintiff–Appellant.

Wheeler Trigg & Kennedy, P.C., Hugh Q. Gottschalk, Carolyn J. Fairless, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge TAUBMAN.

Plaintiff, Robert Carson, appeals from the judgment confirming an arbitration award ordering him to pay defendant, Paine-Webber, Incorporated, $13,290 in damages, attorney fees, and costs, plus interest. We affirm in part, reverse in part, and remand.

Carson was employed by PaineWebber as an investment advisor. After Carson resigned in 1998, PaineWebber received complaints from two of his customers, who alleged that they had given Carson written instructions to liquidate their accounts, but the instructions had not been followed. PaineWebber settled those two claims with the customers.

In 1999, PaineWebber filed a statement of claim in arbitration against Carson with the National Association of Securities Dealers, Inc. (NASD). PaineWebber sought damages, interest, attorney fees, and costs in conjunction with its settlements with Carson's two customers. Carson answered and counterclaimed requesting attorney fees, and he also filed an amended counterclaim along with a request for a hearing. Ten days later, Carson again requested a hearing. Throughout this proceeding, Carson maintained that he had instructed PaineWebber to liquidate the customers' accounts and that it was

PaineWebber, not he, who was responsible for the customers' damages.

Pursuant to NASD regulations, both parties signed a uniform submission agreement in which they agreed, among other things, to submit the matter to arbitration in accordance with the NASD Code of Arbitration Procedure (NASD Code). An arbitrator was appointed. The case proceeded to arbitration under the simplified industry arbitration procedures, pursuant to § 10203 of the NASD Code, because the amount in controversy was less than $25,000.

In the arbitration proceeding, Carson twice requested discovery from Paine-Webber. PaineWebber produced some, but not all, of the documents, and the arbitrator did not compel discovery.

The arbitrator expressly denied Carson's hearing request and decided the matter in favor of PaineWebber without a hearing. Carson was ordered to pay PaineWebber $10,200 in damages, plus interest, $2,040 in attorney fees, and $1,050 in filing fees.

Carson subsequently filed an application with the district court to vacate the arbitration award. However, the district court confirmed the arbitration award.

### I.  Mootness

■ PaineWebber contends that Carson's appeal is moot because he voluntarily satisfied the arbitration award. We disagree.

■ Generally, voluntary payment of a monetary judgment may render an appeal from that judgment moot and deprive the appellate court of jurisdiction because of lack of a justiciable controversy. *Potter v. State Farm Mut. Auto. Ins. Co.*, 21 P.3d 874 (Colo. App.2001).

■ However, involuntary actions undertaken by a judgment debtor do not render an appeal of the underlying judgment moot. *FCC Constr., Inc. v. Casino Creek Holdings, Ltd.*, 916 P.2d 1196 (Colo.App.1996); *see also Reserve Life Ins. Co. v. Frankfather*, 123 Colo. 77, 225 P.2d 1035 (1950)(appeal not rendered moot when satisfaction of judgment results from party's forced choice of paying a

challenged judgment or facing a garnishment proceeding).

Here, after the district court confirmed the arbitrator's award, counsel for PaineWebber contacted NASD to report that Carson was in violation of NASD rules by not paying the award and requested that NASD initiate suspension proceedings against him. Carson advised NASD that he was appealing the district court's ruling. NASD nevertheless notified Carson that it was initiating suspension proceedings against him and that his license would be suspended if he did not satisfy the arbitrator's award. Carson paid the arbitrator's award, and only then did PaineWebber request that NASD dismiss the suspension action.

In essence, Carson was forced to choose between paying the arbitrator's award and maintaining his investment advisor's license. Under these circumstances, Carson's payment must be regarded as compulsory. *See Reserve Life Ins. Co. v. Frankfather, supra,* 123 Colo. at 85, 225 P.2d at 1039 (the satisfaction of the judgment, if coerced by execution or other process, does not operate as a waiver of the right to an appeal).

Accordingly, we do not dismiss the appeal as moot.

## II. Failure to Consider Material Evidence

■ Carson contends that the district court erred in not vacating the arbitration award because the arbitrator did not order PaineWebber to comply with his discovery requests. Specifically, he contends that the arbitrator's refusal to consider material evidence substantially prejudiced his rights. We disagree.

Under Colorado's Uniform Arbitration Act of 1975, § 13–22–201, et seq., C.R.S.2001, a court may vacate an award only in certain clearly enumerated situations. Section 13–22–214, C.R.S.2001; *see also Foust v. Aetna Cas. & Ins. Co.,* 786 P.2d 450 (Colo.App. 1989)(court may vacate arbitration award only on the statutory grounds set forth in § 13–22–214).

To vacate an award based on the arbitrator's refusal to consider evidence material to the controversy, a party must demonstrate that he or she was substantially prejudiced. Section 13–22–214(1)(a)(IV), C.R.S.2001.

An arbitrator's abuse of discretion in the discovery process is not one of the enumerated grounds on which a court may vacate an arbitration award. *See* § 13–22–214.

■ A mere assertion of error unsupported by evidence cannot serve as a basis for vacating a judgment confirming an arbitration award. *Columbine Valley Constr. Co. v. Bd. of Directors,* 626 P.2d 686 (Colo.1981); *R.P.T. of Aspen, Inc. v. Innovative Communications, Inc.,* 917 P.2d 340 (Colo.App.1996).

Although § 10203(a)(2) the NASD Code, which the parties agreed would govern their arbitration, provides that any member of an arbitration panel "shall be authorized to request the submission of further documentary evidence," nothing in the NASD Code expressly permits document discovery by a party.

Further, Carson has not specified, on appeal or in the district court, how the arbitrator's failure to consider the additional documents he requested substantially prejudiced his rights. He has not demonstrated what additional evidence the documents contained or what they would have revealed. In addition, the record does not contain the documents that PaineWebber did produce nor any indication how Carson was prejudiced. Accordingly, we conclude that Carson has not met his burden under § 13–22–214(1)(a)(IV).

## III. Hearing Request

■ Carson next contends that the district court erred in not vacating the arbitration award pursuant to § 13–22–214(1)(a)(II), (III), (IV), C.R.S.2001, because the arbitrator denied his request for a hearing. He also argues that the arbitrator violated his due process rights by denying his request for a hearing. We are not persuaded.

As noted above, a court may vacate an arbitration award based on an arbitrator's refusal to hear evidence material to the controversy. Section 13–22–214(1)(a)(IV). Additionally, a court may vacate an arbitrator's award if there has been misconduct by the

arbitrator. Section 13–22–214(1)(a)(II). To have an award vacated for arbitrator misconduct or failure to hold a hearing and, as a result, refusal to hear material evidence, a party must demonstrate that his or her rights were prejudiced. Sections 13–22–214(1)(a)(II), (IV).

Here, Carson has not specified how the arbitrator's denial of his request for a hearing prejudiced him. He does not explain what additional evidence, if any, he would have presented at a hearing, or how the arbitrator's failure to hear this evidence resulted in any substantial prejudice. Therefore, we agree with the district court that Carson has failed to meet his burden of proving that lack of a hearing prejudiced his rights under § 13–22–214(1)(a)(II), (IV).

■ Carson also contends that he was entitled to a hearing and that the arbitrator's denial of a hearing warrants vacation of the award under § 13–22–214(1)(a)(III), C.R.S. 2001, which provides for vacating an arbitration award where the arbitrators exceeded their powers. We disagree.

Section 10203(a) of the NASD Code states that issues shall be resolved "solely upon the pleadings and documentary evidence filed by the parties, unless one of the parties to the proceeding files with the office of the Director of Arbitration within ten (10) business days following the filing of the last pleading a request for a hearing of the matter." Relying on this language, Carson argues that he is entitled to a hearing because he timely requested one.

Here, it is undisputed that the parties' arbitration agreement incorporated the provisions of the NASD Code.

Contrary to Carson's contention, we conclude that § 10203(a) of the NASD Code does not require an arbitrator to hold a hearing when one is requested. First, § 10203(a) presupposes that in the normal course of events an arbitrator will decide a case based upon the pleadings and documentary evidence without holding a hearing. Second, the exception on which Carson relies does not expressly require an arbitrator to hold a hearing when one is requested, and it does not explain what happens if a party

requests a hearing, but the request is denied. We do not read § 10203(a) to mean that an arbitrator must hold a hearing whenever one is requested. Rather, we conclude that the language in § 10203(a) means that when a party requests a hearing, the arbitrator will exercise his or her discretion to determine whether a hearing is necessary. In our view, the use of the phrase "request a hearing," rather than language indicating that a party is entitled to a hearing, suggests that a hearing request may be denied.

■ Finally, relying on *Twin Lakes Reservoir & Canal Co. v. Platt Rogers, Inc.,* 105 Colo. 49, 94 P.2d 1090 (1939), Carson contends that the failure to hold a hearing violated his right to due process. Again, we disagree.

In *Twin Lakes,* the supreme court held that "[u]nless, contrary to the situation here, the agreement or a statute provides otherwise, it is a universally recognized rule that the parties to an arbitration proceeding have an absolute right to be heard and present evidence before the arbitrators, and that a refusal on the part of the board to receive such evidence is such misconduct as affords a sufficient ground for setting aside the award." *Twin Lakes Reservoir & Canal Co. v. Platt Rogers, Inc.,* 105 Colo. at 53, 94 P.2d at 1092 (citation omitted). Carson similarly relies on *Martin–Morris Agency, Inc. v. Mietzner,* 1 Wash.App. 950, 465 P.2d 425 (1970), and *Cassara v. Wofford,* 55 So.2d 102 (Fla.1951).

These cases are distinguishable because they hold that an absolute right to a hearing exists, unless an arbitration agreement or a statute provides otherwise.

Here, as discussed above, § 10203(a) does provide otherwise because it confers upon the arbitrator the discretion to hold a hearing when one has been requested. Accordingly, Carson's due process rights were not violated by the arbitrator's failure to hold a hearing. *See Columbine Valley Constr. Co. v. Bd. of Directors, supra.*

Additionally, Carson cannot establish a due process violation because he has not shown that he was prejudiced. As noted, there has been no showing that any additional evidence

would be presented to the arbitrator at a hearing or how such evidence might lead to a different result. *See In re Smith,* 989 P.2d 165 (Colo.1999)(in attorney disciplinary proceeding, complaint against attorney defendant not dismissed because he gave no reason why the hearing delay prejudiced him in presenting a defense or how the delay violated his due process rights).

Therefore, under these circumstances, we cannot conclude that the arbitrator violated Carson's due process rights.

## IV. Attorney Fees

■ Carson next contends that the arbitrator exceeded his powers in ordering him to pay PaineWebber's attorney fees. We agree.

As to fees and expenses of arbitration, the Colorado Uniform Arbitration Act provides, "Unless otherwise provided in the agreement to arbitrate, the arbitrators' expenses and fees, together with other expenses, *not including counsel fees,* incurred in the conduct of the arbitration shall be paid as provided in the award." Section 13–22–212, C.R.S.2001 (emphasis added).

Other divisions of this court have concluded that § 13–22–212 prohibits an arbitrator from awarding attorney fees unless the parties have *specifically* agreed that the arbitrator shall address that issue. *Camelot Investments, LLC v. LANDesign, LLC,* 973 P.2d 1279 (Colo.App.1999); *Compton v. Lemon Ranches, Ltd.,* 972 P.2d 1078 (Colo.App.1999)(relying on cases from other jurisdictions).

Here, § 10215 of the NASD Code provides, "The arbitrator(s) shall have the authority to provide for reasonable attorneys' fee reimbursement, in whole or in part, as part of the remedy in accordance with applicable law."

Carson argues that the applicable law is Colorado's Uniform Arbitration Act and *Compton.* He contends that there is no statute or any other applicable law in Colorado that would have allowed an award of attorney fees. PaineWebber argues that the parties did not agree that Colorado law was the applicable law. We agree with Carson. Although there is no definition of "applicable law" under the NASD Code, we conclude that the term necessarily refers to Colorado law in these circumstances and that § 13–22–212 and *Camelot* apply. Further, even if Colorado law is not the "applicable law" here, PaineWebber has not cited any other law that might apply. Thus, the dispositive issue is whether the parties specifically agreed that the arbitrator could award attorney fees.

Here, both parties requested in their pleadings that the arbitrator award attorney fees. PaineWebber argues that this conduct demonstrates an agreement that the arbitrator could award attorney fees. We are not persuaded.

In *Compton,* the arbitrator requested that the parties submit affidavits in support of their requests for attorney fees. The division concluded that complying with the arbitrator's request did not compel a conclusion that the parties had agreed the arbitrator could award attorney fees. *Compton v. Lemon Ranches, Ltd., supra,* 972 P.2d at 1080. In essence, the parties there had not expressly agreed that the arbitrator could award attorney fees.

Similarly, we conclude that here, the parties' parallel requests for attorney fees in their pleadings, without more, are insufficient to show that they explicitly agreed that the arbitrator could award such fees. Our conclusion is particularly supported by the Uniform Arbitration Act's prohibition against awarding attorney fees in the absence of an agreement between the parties, and the lack of any other provision of Colorado law under which the arbitrator could award attorney fees. Our conclusion is further supported by the representation of Carson's attorney at oral argument that he had requested attorney fees because Carson was pursuing a wage claim, for which attorney fees are expressly authorized under § 8–4–114, C.R.S. 2001.

As noted above, a district court may vacate an arbitrator's award when the arbitrator exceeded his or her powers. Section 13–22–214(1)(a)(III).

In confirming the arbitrator's award, the district court relied on an exception in § 13–

22–214(1)(b), which states, "the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award."

However, in light of the above discussion, we conclude that the more specific attorney fees prohibition in § 13–22–212 controls and that the arbitrator exceeded his powers by awarding attorney fees in the absence of an express agreement between the parties. *See James E. Freemyer, P.C. v. Industrial Claim Appeals Office,* 32 P.3d 564 (Colo.App. 2000)(a special or specific statutory provision prevails over a general provision). Therefore, the district court erred in confirming the arbitrator's award of attorney fees.

The judgment is affirmed except for that portion confirming the arbitrator's award of attorney fees. That portion of the judgment is reversed, and the case is remanded for modification of the judgment consistent with this opinion.

Judge MARQUEZ and Judge VOGT concur.